a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROBERT PAUL TAYLOR,                    CIVIL ACTION NO. 1:17-CV-882-P
Plaintiff

VERSUS                                 CHIEF JUDGE DRELL

LASALLE MANAGEMENT                     MAGISTRATE JUDGE PEREZ-MONTES
COMPANY, ET AL.,
Defendants

---

## MEMORANDUM ORDER

Before the Court is a civil rights (42 U.S.C. § 1983) complaint filed by pro se Robert Paul Taylor ("Taylor") (#107070). Taylor is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center in Winnfield, Louisiana ("WCC"). Taylor complains that he was denied adequate medical care in violation of the constitution. He names as defendants Burton Michot, Dr. Mark Singleton, Daniel Marr, Ami Brunson, LaSalle Management Company, and Winn Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.    Background

Taylor was examined at the university hospital in Shreveport for medical diagnosis and treatment. (Doc. 1-2, p. 5). Taylor allegedly suffered a ruptured epididymis and pierced scrotum as a result of excessive force by officers in New

Orleans. (Doc. 1-2, p. 4). Taylor alleges he also suffers from hypertension, urinary blockage, scrotal mass, all of which cause him pain. (Doc. 1-2, p. 5).

Taylor alleges that once he arrived at WCC, Defendants intentionally denied and delayed medical treatment. Taylor's medications—Bactrim and Flomax—were discontinued. (Doc. 1-2, p. 5). Additionally, Defendants refused to provide Neurontin, which was recommended for nerve damage. (Doc. 1-2, p. 7). Taylor's follow-up appointments with the urologist were cancelled. (Doc. 1-2, p. 5). Taylor also indicates that a surgical procedure was cancelled. (Doc. 1-2, p. 8). Nurse Supervisor Brunson told Taylor that he could not receive the medications or further treatment due to budget concerns. (Doc. 1-2, p. 6). Taylor alleges that Daniel Marr, Ami Brunson, and Burton Michot informed him the prescriptions were not corporate-approved and would be discontinued because of budget cuts. (Doc. 1-2, p. 9).

Taylor complains that he still suffers from a swollen right testicle, which has worsened since the discontinuation of his medications. (Doc. 1-2, p. 6). Taylor experiences "continuous burning and throbbing sensation and pain in his right testicle." (Doc. 1-2, p. 9).

To determine whether Taylor's claim has merit, THE CLERK IS DIRECTED to serve upon Taylor at his last known address a copy of this Order, two (2) summons forms, and one (1) USM-285 form for each of the following defendants:

- Burton Michot,
- Dr. Mark Singleton,
- Daniel Marr,
- Ami Brunson,
- LaSalle Management Company, LLC
- Winn Correctional Center, LLC.

Taylor must then furnish to the *Clerk of Court, 515 Murray Street, Alexandria, LA 71301*, within thirty (30) days after service of this order:

- one (1) copy of the COMPLAINT (Doc. 1);
- two (2) completed SUMMONSES; and,
- one (1) completed USM-285 FORM

for each defendant. After the foregoing documents have been furnished,

THE CLERK IS DIRECTED to serve each defendant through the United States Marshals Service, with a copy of the Complaint (Doc. 1), the appropriate summons, and a copy of this Order.

IT IS ORDERED that Defendants file a response to the complaint (Doc. 1) within twenty-one (21) days after service.

The parties shall have a period of sixty (60) days following the filing of an answer to complete all appropriate discovery.

**Thereafter, and not before, if deemed appropriate, Plaintiff or Defendants may file a motion for summary judgment within thirty (30) days of the end of discovery, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief.** If, in violation of this Order, a motion for summary judgment or alternative motion for summary judgment is filed before an answer is filed or before the time for discovery has elapsed, the motion for summary judgment will be summarily denied or stricken as in violation of this Order, and sanctions may be imposed.

Any party not filing a motion for summary judgment **SHALL FILE** a Statement of Issues within the same period, which shall enumerate each genuine

issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the Court to determine the necessity for an evidentiary hearing.

All documentary exhibits accompanying the motion, including medical records, **MUST BE APPROPRIATELY BOUND AND THE PAGES MUST BE NUMBERED**. An **INDEX** shall also be submitted describing each item attached to the response and showing each item's page number.

Additionally, within twenty-one (21) days of Defendants' first appearance (filing of an answer or motion), or within thirty (30) days after service of the summons and complaint if Defendants have made no appearance, Defendants shall provide to Plaintiff all medical records, warden's unusual occurrence reports, and any other documents pertinent to the issues in this case, including medical records from any outside treatment providers. Fed. R. Civ. P. 26(a)(1). Defendants shall contemporaneously file an indexed copy of these documents under seal with the Court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met.

If Plaintiff is not in receipt of these documents within the prescribed time period, Plaintiff may file a motion to compel such responses from Defendant(s). Any such motion must contain a motion and memorandum in support and a proposed order, separately captioned and with a certificate of service stating that "a copy has been sent to Defendants by mailing same, via United States mail, to Defendants' counsel."

Any physician, medical facility, or other health care provider that has examined or administered treatment of any kind to Plaintiff relative to the complaint is **ORDERED** to release to any party herein, pursuant to any request of that party, and at that party's expense, any and all such medical records that it may possess.

**IT IS FURTHER ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by Plaintiff or Defendants shall include a certificate indicating that a copy thereof has been furnished to the other parties, specifically stating the name and address of each party (or his attorney) to whom a copy of the pleading was sent.

A paper copy of any appeal or objections filed in this case SHALL be provided to the district judge (in addition to filing in CM/ECF).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 29th day of September, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge