FORM TO BE USED BY A PRISONER FILING A CIVIL RIGHTS COMPLAINT UNDER
THE CIVIL RIGHTS ACT 42 U.S.C. § 1983

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
DISTRICT OF LOUISIANA
RECEIVED

OCT 2 3 2017

TONY R. MOORE, CLERK
BY _____ DEPUTY

Robert Paul Taylor   # 107070
*Full Name of Plaintiff & Prisoner Number*

1:17-cv-882-P
*Civil Action*

Chief Judge Drell
*Judge*

v.

LASALLE MANAGEMENT Company, Et Al.,
*Defendant*

Joseph H. L. Perez-Montes
*Magistrate Judge*

## COMPLAINT

**I.   Previous Lawsuits** ▬ one

    **A.** Have you begun any other lawsuit while incarcerated or detained in any facility?

       [✓] Yes  Not for this matter, but for the actual cause of my ruptured epididymis on 8/25/2013

    **B.** If your answer to the preceding question is "Yes," provide the following information:

      **1.** State the court(s) where each lawsuit was filed (if federal, identify the district; if state court, identify the county or parish): U.S. District Court - Eastern District of LA - Case No. 14-1972 - Sec. "L" - scheduled Bench trial - M.J. Knowles, Daniel E.

      **2.** Name the parties to the previous lawsuit(s):

       Plaintiffs: Robert Paul Taylor, pro se

       Defendants: New Orleans Police Department - Seventh District Task Force, Et Al

      **3.** Docket number(s): 14:-cv-1972

      **4.** Date(s) on which each lawsuit was filed: 8/7/2014

      **5.** Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]: The Case was scheduled for bench trial on 6/9/2016; see (Doc. No. 154) order dismissing Case - settlement accepted by plaintiff, R.Taylor

    **C.** Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

       [ ] Yes   [✓] No

1

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.):

_____

_____

II. **Place of Current Confinement:** Raymond - Laborde Correctional Center

    A. Is there a prison grievance procedure in this institution?

       [✓] Yes   [ ] No

       1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

         [✓] Yes   [ ] No

         If "Yes," what is the Administrative Remedy Procedure number?

         La. Dept. of Public Safety and Corrections - Case No. WNC-2014-921

       2. If you did not file an administrative grievance, explain why you have not done so. Step One Response Form = Date received in office 10/30/2014  Step Two Response Form = Date received in office 1/18/2015

       3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal and adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

   Step three = Yes = Secretary response on 3/27/2015

       Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. **Parties to Current Lawsuit:**

    A. Name of Plaintiff: Robert Paul Taylor 107070  
       Raymond Laberde Correctional Center  
    Address: 1630 Prison Road = Cottenport, Louisiana 71327

    B. Defendant: Keith Deville _____, is employed as  
Head-Warden _____ at LaSalle Management Company at former Winn Correctional Center  
       Post office Box 1435  
       Winnfield, LA. 71483  
       Phone 318-628-3971

Defendant: Burton, Michot _____, is employed as
Assistant warden over Medical Dept. at Winn Correctional Center, same address;

Defendant: Dr. Mark, Singleton _____, is employed as
Medical Director/physician at Winn Correctional Center, same address;

Additional defendants: Daniel, Marr (no longer At Winn); Ami, Brunson;
Lasalle Management Company and Winn Correctional Center, Et al.

IV. **Statement of Claim** – Plaintiff's Amended Complaint (I)(II).

State the facts of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. You are required to set forth only factual allegations. You are not required to set forth legal theories or arguments.

Plaintiff Robert Paul Taylor 107070 first would need to explain to the Honorable Clerks office that (due) to Peremptory Exception of Prescription; and secondly, that because of incarceration At (R.L.C.C.) moving me from Cajun 1-A-2 to Cajun 2-D-1 on or about early March 2017 some of my legal materials were Misplaced (loss) and my original lawsuit, Document I filed before July 12, 2017 in this Honorable Court was missing.

Memorandum Order on 9/29/2017 signed by M.J. Perez-Montes a copy of order, two Summons forms and (1) USM-285 form for each of the following defendants:

I must then furnish to the Clerk of Court within (30) days One (1) copy of the Complaint (Doc.1), two completed Summonses and one completed USM-285 form for each defendant.

Relevant Facts:

(A) – Plaintiff reassert all facts and arguments previously submitted in support of Stating A claim in (Doc 1). In addition to those arguments and evidence that will be filed into the record in Civil Action No. 1:17-cv-882-P.

(B) – Newly discovered evidence on 9/27/2017 Conclusively refutes any version of events that may be presented.

*please see Attachment described As Statement of Claim –

Continued. . . . p. 5 of 3

## V.    Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## VI.    Plaintiff's Declaration

**A.** I declare under penalty of perjury that all of the facts represented in this complaint and any attachments hereto are true and correct.

**B.** I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

**C.** I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this __5th,__ day of __October_____, 20 __17__.

_____
**Signature of Plaintiff**

4

\* plaintiff forgot to include page 4- in his 10/19/2017 mailing documents for Case Re. "1:17-cv-882-P-please attach this p. 4 to Complaint. Thankyou, RPT 107070

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff has the burden of proof. I will fail to carry this burden if I do not present sufficient evidence to prove each element of my claims. The defendants' may win without having to present any evidence themselves. I must prove each element by a preponderance of the evidence. Therefore plaintiff without Counsel must file in 1:17-cv-882-P- for the D.J.D.D.D. and m.J.H.C.p-m in order to Conclude that my alleged "facts- are more likely than not true." The standard of proof is much less demanding than the "beyond a reasonable doubt" standard = preponderance standard as a see-saw - to win, you need to tip the see saw more in my direction than in the defendants - prove my Case as Convincingly as I Can! They've made me suffer - unnecessarily - plaintiff seeking $400,000.⁰⁰ damages and $1,400,000.⁰⁰ special damages because of the excision of my ⊢ Testicle.

## VI. Plaintiff's Declaration

A. I declare under penalty of perjury that all of the facts represented in this complaint and any attachments hereto are true and correct.

B. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

C. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this _19th_ day of _October_____, 20_17_.

s/Robert Paul Taylor, 107070
**Signature of Plaintiff**

Raymond Laborde Correctional Center
1630 Prison Road - C-2-D-1
Cottonport, Louisiana 71327 ___ phone 318-876-2891
email: roberttaylor107070@jpay.com

CC: file /RPT
Clerks office,
Defendants Counsels

4

the Civil Rights Act 42 U.S.C. §1983
United States District Court
Western District of Louisiana

WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 23 2017

TONY R. MOORE, CLERK
BY_____ DEPUTY

Robert Paul Taylor
VS.
Lasalle Management
Company, Et.Al.,

Civil Action No. 1:17-CV-882-P
Chief Judge DREBB
M.J. Perez-Montes

Amended Complaint- I, II

Statement of Claim Attachment, Relevant
facts - continued from p.3 of —

by the defendants', Et.Al., and not yet credited by this Honorable Court which Matter has been referred to the undersigned M.J. Perez-Montes for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

on September 27, 2017 diagnosis/prognosis by a urologist at Elayn Hunt Correctional Center that will Confirm plaintiff's Conclusory and Support his Complaint, doc.1 in its entirety. Plaintiff will Submit this urological diagnosis/prognosis as soon as possible and will not object to any time needed by defendants' and their Counselors' to respond. Plaintiff will file into the record 1:17-CV-882-P at the appropriate time, thus, serving the defendants' a Copy and their Counselors' in good-faith during discovery.

* What it Conveys is that Surgical procedure's are necessary to excision of (Mass 'sac) filled with fluid, Sperm, blood, urine; but first, a procedure inserted into my intestine, epididymis and scrotum because the Camera will detect why there is blood in my urine when I void, mid-Dec.'17.

① - the original Complaint was filed before I obtained this 9/27/2017 diagnosis/prognosis.
② - Newly discoverable evidence Supports my assertion that defendants Action(s) and inaction(s) violated my Eighth Amendment right and Due Process Clause. Plaintiff is attempting to make Copies for all parties and file in no.1:17-cv-882.

Case No. 1-17-cv-882-P-D.J. DEE D. Drell-M.J. Reg-Mates-Doc.___ -filed / /2017-p.-__ of __

(D) Plaintiff asserts that when the State by the affirmative exercise of its power so restrains an individual's liberty, (such as instant case); that it renders him, (the plaintiff) who is unable to care for himself; and at the same time (Winn Correctional Center) et al., fails to provide for his basic human needs, e.g. in specificity terms, [Medical care] and reasonable safety, it transgresses the substantive limits on State action set by the Eighth Amendment and the Due process Clause. ③-

See plaintiff exhibited medical documents 2 in globo, identifying the approximate date of arrival at Winn Correctional Center and the proximate named defendants' that had knowledge of my appropriate 271 page medical file that Conveyed I had a ruptured epididymis and a punctured and pierced scrotum with Mass enlargement of the scrotum with ultra-sound pictures; 2-A ④ prescribed medication(s) that were working. Exhibit 2-B, 2-C, 2-D,

(E)- University Health urology Department, urologist Michelle Akin Johnson and Specialist Wahib Emil Isac, 1606 Kings Highway, Shreveport, LA. 71103 -telephone 318-813-2755 ⑤- Who - were treating physician's for 2014 April through April, 2016 and were monitoring my ruptured epididymis every 90 days and prescribed the regimen of medication that was working. and these defendants' Burton, michet, or. Mark, Singleton, Daniel, Marr, Ami, Brunson-

③- The Eighth Amendment Generally, was ignored by these defendants' and their systemic pattern or practice of unConstitutional Conduct with respect to my suffering, the irreversible nerve damage and the specialist's prescribed medications' meant nothing to them. ④- Exhibit 2 at p. 10 lines 1-; p. (no-086) lines 9-22 (ultra sounds);
Exhibit 2-A at p. (no-086) through p. 34, 49, 50 (medication's)=exhibit 2-B; 2-C; 2-D;
⑤- Exhibit 3 at p. 16 through p. 51-54- urological reports, dates;
Exhibit 4 at p. 65 through p. 69 urological reports, dates;

Case No. 1:17-cv-882-P...

received my file, reviewed the contents that prescribed medications were being taken by plaintiff since September 3, 2013... (F) to wit: A LSU New Orleans urology department diagnosis/prognosis (6); orleans parish sheriff Marlin, Gusman medical department physicians H. Adames Gonzales, P. Walker, and Dr. Preston (7) 504-822-8600 9/20/2013.

See plaintiff exhibited medical documents September 2013 through January 2014 in globo, identifying the proximate dates and identifying the proximate medications that plaintiff was taking the entire time he was at orleans parish between August 26, 2013 through January 24, 2014 (8).

(G) *there it was determined that plaintiff, R. Taylor 107070 had suffered irreversible nerve damage and that a regimen of Neurotin, a not inexpensive drug designed to combat the pernicious effects of nerve damage (Neuropathy) ought to be instituted.

See plaintiff exhibited medical documents February 17, 2014 through March 31, 2015 in globo, identifying the proximate dates and identifying the proximate medications that plaintiff continued to take the entire time he was at Winn Correctional Center while Correction Corporation of America was operating this facility (9) - before Lasalle Management Company;

(6) - Exhibit 5 at ████████ p. CnO-087, CnO-088, CnO-089; CnO-094, dated 9/20/2013.

(7) - Exhibit 6 at p. CnO-048 dated 8/26/2013; p. CnO-070 dated 9/3/2013; p. CnO-069 dated 9/6/2013; CnO-067 dated 9/19/2013, CnO-068 dated 9/19/2013; CnO-064 dated 9/20/2013, CnO-065 dated 9/2013; CnO-066 dated 9/19/2013; CnO-063 dated 10/12/2013; CnO-062 dated 11/25/2013; CnO-061 dated 12/18/2013, CnO-060 dated 12/18/2013, CnO-059 dated 12/18/2013 and CnO-058 dated 1/19/2014.

Case No. 1-17-cv-882-1-D.D.D.D.

[cases]

(H)- Without citing the law, the affirmative duty to protect arises not from the states knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation that it has imposed on his freedom to "act on his own behalf."

(I)- The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Among unnecessary and wanton inflictions of pain are those that are without penological justification. [quotations, elipsies, brackets omitted]

(J)- "No static test" exist to measure whether conditions of confinement are cruel and unusual, because the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society. (citation omitted) - Cognizable claim for force is barred due to time

#1- Additionally, "personal involvement is an essential element of a civil rights cause of action. Here, plaintiff make factual allegations against Warden Keith, Deville, and Burton, Michet who visited plaintiff on November 7, 2015 along with four security force officials' at crawdad A-2- cell 14 and used force to demonstrate that I was not going to remain in cell 14 any longer and tomorrow morning be cooperating with the Board and sign off -protective custody status- or they would return and make my life hard; harder than ever before,

#2- quoting Michet. Both Deville and Michet had personally placed their hands around my throat, shoulder and arms while entering the one-man cell and restrained me first before slamming my head against the wall, hurting my head and neck.

(8)- Exhibit 7 at p. CNO-077 date Sept. 2013; CNO-078 date Sept. 2013; CNO-079 date August 2013; CNO-080 date August 2013; CNO-076 date October 2013; CNO-074 date Nov. 2013; CNO-075 - date Nov. 2013; CNO-073 date December 2013; CNO-071 date January 2014; CNO-072 - date January 2014

See plaintiff exhibited W.C.C. document **10** in globo, described as Pre-Segregation Health Evaluation form, dated 4/6/2015 at 6:10 am.

**#3** - D remained in segregated lock-down for approximately 8 months and 2 days, at Crowded-A-Z-cell th and C.C. A. had deftly abandoned the facility on 10/3/2015 and Lasalle Management Company had Taken over the facility. In particular, certified evidence filed with W.C.C. medical department physician Mark Singleton, Daniel, Marr and Amy Brunson:

See plaintiff exhibited Health Care Request form **11** dated 4/6/2015; form **12** Consultation form, dated 1/16/2015; form **13** Inmate Request form, dated 12/28/2014; form **14** sick call Request, dated 5/12/2014 and form **15** Sick call Request, dated 12/28/2014 that demonstrates that plaintiff informed each individual defendant that he was physically in th ex cruciating pain and the proximate reason why on 4/6/2015 D decided to request pre-segregation health Evaluation because I was always in pain, could not void-appropriately and just wanted to be evaluated and proceed with the Monitoring of the Mass enlargement of my testicle away from the General population.

**#4** - Furthermore, plaintiff added Keith, Deville and Burton Michot-

**(9)** - Exhibit **8** at p.9 dated 2/17/2014 - 2/28/2014; p.13 dated 3/01/2014 - 3/31/2014; p.17 dated 4/01/2014 - 4/30/2014; p.18 dated 5/01/2014 - 5/31/2014; p.22 dated 6/01/2014 - 6/30/2014; p.23 dated 7/01/2014 - 7/31/2014; p.24 dated 8/01/2014 - 8/31/2014; p.28 dated 9/01/2014 - 9/30/2014; p.29 dated 10/01/2014 - 10/31/2014; Additional prescription, p.57 dated 11/01/2014 - 11/30/2014; p.58 dated 2/1/2015 - 2/28/2015 and 3/1/2015 - 3/31/2015 Exhibit 9 Inmate/Resident Health Appraisal taken on 2/20/2014 at W.C.C.

in this Case 1:17-cv-882-sec."P" and the evidence shows that they were both on duty on 11/7/2015 and were at Crawdad, the lock-down and Segregated area of the (W.C.C.) facility trying to get everybody out of A-2-tier who were pending transfer, including the plaintiff and wanted them out by 11/8/2015.

(K)- these revelations fundamentally change the posture of this case. Contrary to the counselor's Zealous defense's for these defendants', there is now additional undisputed evidence that the plaintiff WAS sufficiently provided Appropriate medical Care at Orleans parish sheriff- M.Gusman's facility, at LSU-New orleans.

see plaintiff exhibit 16 in globo, sick/doctor's Cal/sheet, institution Elayn Hunt Correctional Center, date 1/21/2014 as he was transferred from Orleans parish that morning, and,

see plaintiff exhibit 17 in globo, orleans parish medication(s) are provided on 1/1/2015 - 1/31/2015 and transfered with plaintiff to D.O.C.

(10)- exhibit 10 clearly indicates plaintiffs plight to seeking pre-segregation health evaluation voluntarily."

(11)- exhibit 11 clearly indicates plaintiffs plight to explaining to Dr. mark singleton and R.N. Brunson that discontinuing my prescribed medication(s) when they were working is causing problems to voiding and suffering."

(12)- exhibit 12 clearly described on consultation form on 1/6/15 that urology department findings that were sought by Dr. mark singleton, thus, he did not adhere to the specialist(s); "budget-cuts and rescinding medication(s) to cut costs were his agenda on 11/1/2015

(13)- exhibit 13 clearly describes on 12/28/2014 the condition is "worst" swelling with unimaginable pain, cant void appropriately, infection, and C.C.A. was providing Appropriate care and "sent me to "see" a urologist and prescribed the exact medicine the urologist ordered;

#1- Additionally, undisputed evidence that the plaintiff was sufficiently provided appropriate medical care at E.H.C.C.

See exhibit 18 orleans parish sheriff's office, date Saturday 1/11/2014 Sick Call Request and appropriate response from orleans parish physicians, H. ADams, Gonzalez, Walker, Preston, 1/1/15 - 1/31/15, medication form exhibited as 17

See exhibit 19, emergency Room/unscheduled Hospital Admission referral date 10/20/2014 from Winn Correctional Center while the facility was operated by C.C.A. before Lasalle Management Company took over all operation(s) on 11/1/2015.

#2-And in specificity terms, undisputed evidence that plaintiff was sufficiently provided appropriate medical Care at Winn Correctional Center, while the facility was operated by C.C.A.; At Winn Parish Medical Center, 301 West Boundary Street, Winnfield, LA. 71483, telephone 318-648-3000 And at University Health Hospital, Urology Department in Shreveport, LA.

(L) In making this determination in the Context of prison Conditions, the honorable Court may Ascertain whether the officials' (Lasalle Management Company) involved in this instant Case acted with deliberate indifference to plaintiff's Taylor's health or safety.

#1- The plaintiff asserts that during the taking of prescribed medication(s) by five (5) urologist, his infections were Controlled And the Mass - swelling of sperm, blood, urine Inside his scrotum -

(14)- exhibit 14, sick Call Request, dated 5/12/2014 - emergency, plaintiff passed out. Rushed to Winnfield Emergency Hospital;

(15)- exhibit 15; sick Call Request dated 12/28/2014 - infection after infection; plaintiff describing large Mass swelling inside his scrotum like a lung, inhaling and exhaling with a throbbing pain - C.C.A. again provided appropriate medical Care.

Was not rotten like it is now, discoloration and an odor; I was not suffering excruciating pain daily and every night. . . . And,

#2- Most importantly, UH urology Department urologist were monitoring the large Mass inside my testicle and the blood in my urine decreased and I was feeling well until this physician Mark Singleton who has absolutely no training what so ever to treat an individual suffering from a ruptured epididymis, and a pierced and punctured scrotum, "He's not a urologist and said I had a rash."

#3- The Court may infer the existence of this subjective state of mind from the fact that the risk of harm was obvious. the plaintiff asserts and alleges that Keith, Deville; Burton Michot; Dr. Mark, Singleton in their individual described action(s) may have violated plaintiff's Eighth Amendment right.

#4- The law defines a prison official violates the Eighth Amendment only when 1- the deprivation alleged is, objectively, sufficiently serious and the "prison officials" act or omission results in the denial of the minimum civilized measure of life's necessities, and 2- the prison official has a sufficiently culpable state of mind- deliberate indifference to a prisoner's Constitutional rights. (quotations, brackets, ellipsis omitted)

16- exhibit 16 clearly describes that on 1/21/2014 plaintiff arriving at E.H.C.C. was allowed To 1- physical exam done; 2- ITO. signed; 3- O.P.S medications that were prescribed by orleans parish physician and LSU-N.O. urologist were included and additional medicine for an infection of my scrotum; 4- a urology referral; and 5- follow-up in THREE (3) months 2/21/2014.

17- exhibit 17 p. 56 date 1/1/2015 - 1/31/2015 orleans parish medication(s) were-
Continued;

- There are genuine issues of fact regarding whether Taylor was subjected to unconstitutional protection(s) of the Fourth Amendment right to be free from the use of any type of force due to Keith Deville and Burton Mitchell's Action's on 11/7/2015. As an offender at W.C.C. I was afraid to complain.

(m) - Plaintiff Contends he was shaken and in pain from the already ruptured epididymis, pierced and punctured scrotum and now in fear for his life by the physical acts and restraining him while slamming his head against the wall. ofcourse, I signed on 11/8/2015 the document Lasalle Management Company presented withdrawing my transfer and being removed from Protective - Custody status and moved to Hope C-1 - Bed 2.

#1 - Plaintiff further Contends that throughout the remaining months, between 11/8/2015 through 7/12/2016 the W.C.C. physician Mark, Singleton working for Lasalle Management Company, no longer C.C.A. "ignored" university hospital in Shreveport was by 1st diagnosis and treatment.
(Doc. 1-2, p.5).

#2 - I Continued to suffer from the ruptured epididymis and pierced scrotum as a result of infection(s) and infection(s); hypertension, urinary blockage; Continued scrotal mass.
(Doc. 1-2, p.5).

#3 - Plaintiff alleges that once Lasalle Management Company arrived at W.C.C. named and identified individual defendants intentionally denied in phases and any appropriate medical -

18 - exhibit 18 orleans parish Sheriff's office - Sick Call Request, date Saturday 1/11/2014 this is also evidence that there are no different versions of plaintiff's plight to get well and to feel well.

19 - exhibit 19 W.C.C. referral to Winn Parish medical Center when operated by C.C.A. on 10/20/2014, p. 31, p. 32, p. 33, p. 34, p. 35, p. 36,

Case Report 1:17-cv-882 P.V. Mcmeel M.J. Perg mites Doc. ___ filed 9/2017 p. ___ of ___

treatment whatsoever. I could not "see" this prominent physician Mark Singleton at all (due) to Burton, Michet and Ami, Brunson screening my sick call requests. plaintiff's medication(s) Doxycycline 100 mg. #20

Ⅱ

See   plaintiff exhibit   **2-B** in globo...  Winnfield Medical Center = #34 | Ultram 50 mg.
2/3/2016   Joshua Halstead, M.D.
Were discontinued

See   plaintiff exhibit   **2-C** in globo...   University Health P. 49 =

1/16/15
Tramadol 50 mg.
Tprg 80 prn pain
#60

See   plaintiff exhibit   **2-D** in globo...   P. 50 =
① sulfamethoxazole trimethoprim Bactrim DS. 800-150 mg.
End date 2/27/2015
Not renewed by W.C.C.
were priorities...

#1- ● Infections Continued. budget cuts
those two were prescribed by
● Dr. Michelle Afin Johnson urologist to Combat the pernicious effects of infection(s) inside my Scrotum these two were to prevent blockage of urinary glands and voiding. and Gabapentin (Neurontin) for physiological nervedamage

② ibuprofen (Advil-motrine) 900 mg. 2/27/2015 84 tablets

① ② tamsulosin (Flomax) 11 refills
③ 1/16/2016 And
④ gabapentin (neurontin) 11 Refills

#2- Defendant's (phased) out all the medication(s) that were working Neurontin, ultram/tramadol/flomax/Bactrin/Advil that needed to be taken with Bactrin to prevent side effects. And all my follow-up appointments every (3) months at U.b. with urologist were Cancelled.

4/1/2015 through 7/12/2016

See (Doc.1-2,p.7).
(Doc.1-2,p.5).

#3- plaintiff contends that Surgical procedure versus monitoring on medication(s) were in fact documented on U.H. urology Dept.
by Dr. Michelle Afin Johnson
and by Dr. Wahib Emil, Isac   - 318-813-2755
See (Doc.1-2,p.8).
See (Doc.1-2,p.6).
See (Doc.1-2,p.9).

● = There are genuine issues of fact regarding whether Taylor was subjected to unconstitutional protection(s) of the Eighth Amendment right to be free from W.C.C. prison conditions under Lasalle Management Company who took over the operation on 11/1/2015 and whether these individual actors, acted with deliberate indifference to my health or safety.

⊙ = Newly discoverable evidence on 9/27/2017 clearly defines a Surgical procedure [to] remove a Large Mass of Sierota Cyst

Actual size:

Keith Deville
Burton Michael
Dr. Mark Singleton
Actually saw this mass / growth and did Nothing for me.

Left Testicle

Right Testicle

depicted by RT

#1= Plaintiff opted to Surgically excision of the entire right- Testicle "because it's hurting so bad for so long". A can't stand the pain any longer. #2 = If the surgical procedure only remove(s) the enlarged (Sac), and it returns, I'll have to have an additional Surgical procedure. #3 = It's rotten. Filled with Sperm, blood, urine; Started after 8/25/2013 and today's 10/15/2017 and it's still inflating and deflating like a lung....

* See plaintiff exhibited medical documents 2 in globo which I'm attempting to have copies of the 7 page diagnosis/prognosis of EHCC urologist 9/27/2017 depicts evidence/

Ⓟ = Plaintiff Taylor has Not failed to properly Assert the matter that the parties have a genuine dispute of material facts that do exist and the evidence is such that the Honorable District Judge and Magistrate Judge can Screen plaintiff's Complaint because the defendant's -

Constitutional law violation(s) at W.C.C. beginning on 11/1/2015 was systemic, the pattern or practice of unconstitutional conduct with respect to use of force, force on restrained individuals; denial of appropriate medical care, the plaintiff must establish Keith Deville and Burton Michot along with Dr. Mark Singleton and Ami Brunson acted with deliberate indifference because "all four of them" knew "of my plight" and they all "individually disregarded the excessive risk because they had priorities to reduce costs, taking away medication(s) that were [phased] out, and eliminating all outside services that were provided to offenders", because the facility had a physician who could treat offenders' at the facility and who always countered any other treatment options. #1- Realistically, there were no other medical providers for W.C.C. offenders' except this physician and his subordinates who were lacking skills to simply explain an individuals records without becoming offensive. #2- Plaintiff has submitted medical evidence, a partial file of 271 documents contending defendants' were aware that the denial of prescribed medication(s) and further monitoring the mass enlarged scrotum by urologist posed an excessive risk to plaintiff's health and his safety; #3- And, the denial of medication(s) that were working to prevent infection(s), relieve urinary blockage, excruciating pain and suffering and denial of his continued (3) month visits at U.H. hospital for monitoring the ruptured epididymis did indeed actually harm him. Q- Two urologist, Dr. M.A. Johnson and E.W. Isac had U.H. during April 2014 through April 2016 appropriately assisted plaintiff and the medication regimen had worked to stop infection(s), helped to voiding appropriately and discontinue the sensation(s) of pain in his scrotum and even stopped the blood detected in my urine; the pain in my-

right testicle and intestine, where abdominal pains had vanished.

#1- On July 12, 2016, Lasalle Management Company decided to transfer five busload of handicapped, mental health, physical serious injured offenders; to Raymond Laborde Correctional Center and plaintiff WAS included in this Transfer #2 Before this Transfer was executed, plaintiff contends (W.C.C.) medication Administration record in plaintiff exhibit 8 in globo beginning 2/19/2014 - 8/20/2014, p. 9; 2/19/2014 - 8/29/2014, p. 13; 2/21/2014 - 8/18/2014, p. 17; 2/21/2014 - 5/29/2014, p. 18; 2/21/2014 - 8/18/2014, p. 22; 2/21/2014 - 8/18/2014, p. 23; 2/21/2014 - 2/18/2015, p. 24; 8/19/2014 - 9/30/2014, p. 28; 8/19/2014 - 2/15/2015, p. 29; Additional prescriptions on 8/19/2014 - 2/15/2015, p.57; 1/20/2015 - 7/20/2015, p. 58 and 1/29/2015 - 7/20/2015, p. 83;

→ plaintiff's medication(s) at W.C.C. during these proximate dates while Correction Corporation of America operated the facility and continued through 11/1/2015 (when) Lasalle Management Company began operating this same facility until around February 2016 when, see (Doc. 1-2, p. 9) plaintiff's prescription(s) as the records reflect beginning 8/26/2013 through 7/20/2015 and continued through February 2016 were [phased] out, discontinued because of "Budget Cuts" and further more, Daniel, Marr, Ami, Brunson, and Burton, Mich st all made an admission informing plaintiff the prescriptions were Not Corporate-approved and would be discontinued.

#2- Today, plaintiff still suffers from the ruptured epididymis, Mass- swelling in right testicle which has worsened since the disContinuation of my medicine (Doc. 1-2, p. 6)- Taylor experiences "continuous burning and throbbing sensation and pain in his right testicle." see (Doc. 1-2, p. 9).

Case No. 1:17-cv-882-1-D.U.D.D. Drell-M.J. Perez Montes- Doc ___ -filed 1/2017- p.___ of___

## Plaintiff's Amended Complaint II

### Jurisdiction

**R** - This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States of America and 42 U.S.C. § 1983, et seq., and arising under the law and statutes of the State of Louisiana ("the state") and accordingly, the jurisdiction of this Honorable Court is invoked under 28 U.S.C. § 1343-(3).

**#1** - The plaintiff is before this Honorable Court contending specifically that the named and identified individual defendants at all times material hereto, the defendants, separately and/or in concert, acted under color and pretense of law, to wit, under color of statutes, ordinances, regulations, customs and usages of the state, they have separately and in concert engaged in the illegal conduct herein mentioned to the injury of the plaintiff and have deprived plaintiff of the rights, privileges and immunities secured to him by the Eighth Amendment to the Constitution of the United States of America and the laws of Louisiana.

### Count 1 -

**#2** - In addition, evidence clearly shows despite acting with due diligence, plaintiff was unable to obtain any medical treatment other than what Lasalle Management Company, the Winn Correctional Center, Warden Keith, Deville, Burton, Nichot, Dr. Mark Singleton, Daniel Mann and Ami, Brunsen Would provide themselves because A was incarcerated, under their control.

#3 = the Subjective recklessness, their Conscious disregard of the substantial risk of furthering serious harm was absolutely all I received in my plight for care.

#4 = Knowing, → I had serious medical needs, one after the other (W.C.C.) prison officials' named here in intentionally denied all medications, delayed at first without explanation(s) and did Continued access to medical care even at the level of sick calls that offenders' were instructed they Could turn in to "see" a physician.

#5 =     I was warned by both Burton, Michet and Ami, Brunson that the doctor instructed them to write a disciplinary report against me for Malingering if I'd write one more sick-call beginning February 29th. 2016. They simply refused to treat me, ignoring my Mass enlargement of Scrotum and this similar Conduct clearly evinced a Wanton disregard for any type of treatment where → had serious medical needs but Could Not expect any care whatsoever. What did → do?

#6 =     Between March 1 2016 through July 12, 2016, plaintiff Contends he simply Vanquished. plaintiff had (W.C.C.) duty status restriction(s) and finally No-duty whatsoever and was Confined to his bunk, walking became difficult. Trying to sleep at night was a hardship, because when I'd shift or move, the large (sac) attached to my testicle would be squeezed between my legs at night and I'd wake-up in excruciating pain.

#7 = Thus, in the Context of this Case, the outcome of the change in Circumstances is significant, medical documents submitted by plaintiff evidence sufficient medication(s), monitoring the ruptured epididymis every three months and,

most importantly the Court given the facts of this case, the plaintiff may be entitled to relief based on the standards set forth in Estelle v. Gamble (citations, brackets, elipsis omitted)

Farmer 511 US at 834
Farmer 511 US at 839
Walker v. Butler 967 F 2d 176, 178 (5th Cir. 1992)
Thompkins v. Belt 828 F2d 298 303 (5th Cir. 1987)

Under the Eighth Amendment, a lack of proper inmate medical care can be "Cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs.

#8- Plaintiff R Taylor begged the R.N. Ami, Brunson and Burton, Michot to please transport him to U.H. urology in Shreveport, LA. where urologist M.A. Johnson had determined in file (and both these individuals' were reviewing my file on January 25, 2016 on a Monday at W.C.C. medical Department) so A Could proceed to have the Surgical procedure documented in U.H. hospital file / copied for Dr. Mark Singleton at (W.C.C.) and they told me all trips to U.H. has been disContinued.

#9- As a result of the action(s) and/or In action(s), the wanton recklessness in bad-faith, the plaintiff asserting deliberate indifference to his health then between 11/1/2015 through 7/20/2016 at (W.C.C.) who was operated by Lasalle Management Company who retained Dr. Mark Singleton, Burton, Michot and Ami, Brunson () and whose priorities were Corporate savings, Cutting budgets, and [phasing] out Certain Medication's that were sufficiently prescribed by plaintiffs treating physician(s), five urologist(s) between 8/26/2013 through 4/18/2016 plaintiff Contends that the defendants' did not provide him with the basic care sought but denied and the Cause-in-

#10-

fact of his Continuing to Suffer, infection(s) after infection(s), blockage of the basic function to Voiding, Continued Mass-Swelling inside Scrotum of Sperm, blood, urine with an odor and a discoloration all around his testicle which will require excission (surgical procedures) to remove the large Cyst.

#11- W.C.C. defendants' were provided ==scheduled for mid December Surgery!== ==confirmation on 9/27/2017== fair and accurate information by urologist, Michelle Akin Johnson on ==4/28/2015== and an updated report sent to medical Department on ==4/28/2016==

==page 9 - line 19.==
==Excision versus Monitoring right testis and ongoing regimen of medication(s)==

#12 - there it was determined and these defendants' who Can read, are medically trained as a physician M. Singleton ; as a medical Director over (W.C.S.) medical Dept. Burton, Michot and as a R.N. Ami Brunson that all medical Documents Conveyed plaintiff RtaylR 107070 had Suffered irreversible nerve damage. Combating the pernicious effects of nerve damage (neuropathy) ought to be instituted and these defendants' chose to ignore the specialist(s), and ignore the plaintiffs plight To get well, is all I sought.

(S)- Plaintiff asserts and alleges that these defendants' will Not be able to Contradict his Complaint and Conclusory.

#1- their Counselor will zealously defend them by denying my allegation(s) which the records submitted by plaintiff Cannot be Supplemented and the truth Cannot be altered.

#2- A Continuing practice and/or pattern of conduct by these individual defendants' of constitutional law violation(s) and this facility(W.C.C.) operated by(L.M.C.) for implementing unconstitutional policies concerning handling physical handicapped individuals and mental health offenders', along with serious physical related health problems that offenders' incarcerated at W.C.C. had determined on 7/12/2016 to transport all of these individuals'.

#3- Plaintiff sought To identify the policy or custom of Lasalle Management Company operating (W.C.C.) because of the systemic ongoing alleged deprivation of my own Constitutional rights, that's why(L.M.C.) immediately transferred the plaintiff.

#4- plaintiff rely's on the Honorable Court to determine whether I have a Cognizable claim against these defendants' as they have compromised my health. Who wants to suffer with a ruptured epididymis and pierced and punctured scrotum?

#5- plaintiff seeks the Court to Consider plaintiff's exhibits.____ through exhibits_____, indexed and in Chronological order with dates as evidence of these defendants' violation of the U.S. Constitution.

In order to state a claim under 42 U.S.C. §1983, plaintiff must first show a violation of the Constitution or of federal law... Atteberry V. NoCona General Hospital, 430 F. 3d 245 252 (5th. Cir. 2005) 'A violation of a state statute alone is not Cognizable under §1983 because §1983 is only a remedy for violation(s) -

of federal statutory and constitutional rights.
Woodward v. Andrew, 419 F.3d. 348, 353 (5th. Cir. 2005).
   Section 1983 imposes liability for violations of rights protected by the U.S. Constitution, and I am alleging K. Deville and B. Michot along with Dr. M. Singleton, D. Marr and A. Brunson subjected plaintiff or caused plaintiff to be subjected to such pain and suffering and denying the basic medical treatment that an individual can expect who is under their control and suffering from a serious ruptured epididymis and pierced and punctured scrotum.
#6- this physician M. Singleton told me this enlargement of the testicle is not unusual and more than that, he tried to convey that the discoloration was from a heat rash.
   During two occasion(s) to see this physician M. Singleton, (he tried to misrepresent and provided misinformation which was contrary to five urologist(s) reports. He did this intending to mislead, misinform, and intentionally to cause harm because he did absolutely nothing at all for me.
T- therefore, "plaintiff's who seek to impose liability on a local government under §1983 must prove that 'action pursuant to official municipal policy' caused their injury."
   Id. quoting Monell v. Department of Social Services, 436 U.S. 658, 691 (1977).
#1- Dr. Mark, Singleton while the physician at (W.C.C.) operated by (C.C.A.) before october 31, 2015 had examined plaintiff twice and said he reviewed my ultra sound pictures, was aware of Dr.'s Michelle Akin Johnson and Wahib Emil Isac monitoring the Spermatocele.
see plaintiff exhibit 2-A- in globo
Date 12/26/2014   There is a 5.7 X 3.8 X 4.8 cm multiseptated complex cystic structure-

which appears to arise from the epididymis.

**#2-** Date 9/27/2017   there is a 7.4 x 5.8 x 6.7 cm. multi septated Complex Cystic structure, which appears to arise from the epididymis and moreover, these ultra sound pictures were ordered earlier in March 2017.

Most Compatible to a post-traumatic spermatocele.

**#3-** As a result of inadequate medical care at (W.C.C.) operated by (L.M.C.) and this physician Mark Singleton tendered absolutely nothing for petitioner (excessive damages to my right testicle that Continues Mass of growth containing sperm, blood, urine and it's teeming with infection; still inflating and deflating like a lung; petitioner Continues to suffer;

**#4-** _____ I take exception of this physician's reckless action.

Along with Keith Deville and Burton Michot, Dr. Mark Singleton scheming together to override the prescription(s) of petitioner's treating physicians after (52) months and them together, solely determining that I do not need to continue "seeing" University Health Urologists and Canceling all my follow-up appointments.

## Element 1-

An action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to S. Taylor by the Fourteenth Amendment to the Constitution of the U.S. of America and 42 U.S.C. § 1983, et seq., and arising under the law and statutes of Louisiana.

Accordingly, the jurisdiction in the western District of Louisiana in the Honorable Court, Section "P" which will be invoked under 28 U.S.C. 1343 (3)

Summarily for denial of medical care.

**\*** Estelle v. Gamble 409 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976);
Farmer v. Brennan, 511 US 825, 887, 114 S. Ct. 1970, 128 L. Ed. 2d. 811 (1994)

#5° a Copy of the medical documents exhibited ___ through ___ in globo as though "Copied in extenso and made for the United States Magistrate Judge Perez - Montes, the defendants' and their Counsels' ___ because the petitioners' right to adequate medical care, which I am asserting and alleging WAS in fact denied, either separately or in Concert, which rights were, secured to plaintiff at 107 670 by the provision's of the Fifth, Eighth, Fourteenth Amendments to the Constitution of the U.S of America and by 42 U.S.C. §1983

plaintiff sought to adjudicate this matter with these defendants' first, and as I demand judgment against (W.C.C.), operated by (L.M.C.) and each individual defendant jointly and severally, for an amount which exceeds the jurisdictional requirements of the Court; And, furthermore because of the disregard wanton reckless acts by these defendants, 100% policy claims against their Insurance Carrier because my Condition manifestation of right testicle being Surgically removed by excision

Damages Sought       $400,000.00
Special Damages Sought    $4 000,000.00   plus interests, attorneys fees and Costs; and further demands such other and further relief as this Court may deem just, proper and equitable.

(U) =
(Doc. 1-2) the allegations Contained in plaintiffs Original 42 U.S.C. §1983 Complaint, and his Amended Complaint (I)(II)(A) through ( ) are incorporated herein as if set forth again in full.

Count 2 =

#1- defendants' summarily rejected, ignored, denied to -

thoroughly review my extensive medical file and more than that, they ignored five urologists who are specialist(s) treating plaintiff for (52) months whose opinion(s) and their combined experience meant absolutely nothing.

#2- instead, Dr. Mark Singleton and his subordinates Deville, Michot, Marr, and Brunson has by his and their action(s) and inaction(s) permitted a pattern or practice of the provision of inadequate medical care to become suddenly the new policy of (W.C.C.) operating now as (L.M.C.) beginning 11/1/2015.

#3- Dr. M. Singleton is a licensed physician and whose expertise the plaintiff sought for care and treatment and I'm contending his reckless regard was an intentional and deliberate act because he determined shareholder's profits, cutting budgets, by phasing out certain medication(s) were more important than offenders' lives, their health, or their safety.

#4- Today, in hindsight the plaintiff contends that (W.C.C.) operated by (L.M.C.) and having defendants' Deville, Michot, Singleton to implement a system whereby offenders' (like plaintiff) and many others' who were fortunate enough to be rendered care by a physician not employed by that facility are thereafter placed under the tender mercies of Mark Singleton who almost always "Countermands" the directives of the other treating physician's even the specialist(s) he himself sought previously under (C.C.A.) for offenders', all to their gross detriment.

#5- The (W.C.C.) operated by (L.M.C.) did not adhere to constitutional policies, the defendants' named and identified, some or all—

of them, individually acted with deliberate indifference to Robert Paul Taylor's plight. my suffering and crying out in pain right in front of them meant absolutely nothing. on January 20, I described to B. Michot and A. Brunson a difficult time again, I was having urinating and having to stand several minutes because of a slow flow and dripping, sometimes a leakage of white clean Sperm, blood included while using the bathroom and they alternatively left the area where I was seeking emergency sick-call and called 'security officials' who warned me to return to my living Quarters or get locked-up.

## Count 3

(V). the allegation's contained in (Doc. 1-2) and his Amended Complaint (I)(II), (A) through ( ) are again incorporated herein as if set forth now in full.

#1. these identified and named individual defendants' have flatly refused to give me the name(s) of their Medical Company; address or their Insurance Carrier name, address.

(W.C.C.) is operated by (L.M.C.) and including their Medical department is a limited liability company all of them chartered under the laws of Louisiana maintaining its principal business establishment in Louisiana at: Winn Correctional Center - Lasalle Corrections, 2015 offender Handbook Post office Box 1435, Winnfield, LA. 71483 (phone) 318-628-3971

And they are in the State of Louisiana that actually transacts business, engages in trade or Commerce in the State, employs citizens of the State and receives revenues within the State and this judicial district.

Lasalle Management Company is the actual operator of Winn Correctional Center housing R. Taylor 107070 and where the medical department-

that employs some of these defendants' Singleton; Marr; Brunson; and Michot and Deville are "point persons" for (L.M.C.) and operating (W.C.C.) a facility incarcerating persons' convicted of crimes against the peace and dignity of the State.

#2- In the Common parlance, (W.C.C.) operated by (L.M.C.) is a Department of Corrections facility operated by the State of Louisiana under the laws of Louisiana maintaining its principle business establishment in Louisiana at: Post office Box 1435, winnfield, LA. 71483 (phone) 318-628-3971

#3- On July 12, 2016 material hereto, (W.C.C.) was operated by (L.M.C.) who took Control on 11/1/2015 and were operating the facility and the medical department where these defendants' (individually) are employed and where R.Taylor 107070 must seek medical treatment where the facility (W.C.C.) under Color of the statutes, regulations and ordinances of the State.

(W) = The plaintiff R.Taylor avers and is alleging that (W.C.C.) operated by (L.M.C.) and its medical department and its named individual defendants' hereinabove has engaged in Unfair and deceptive trade practices with regard to the provision of medical Care to R.Taylor 107070 in violation of LA.R.S. 51:1405 in it's operation.

#1- also Construed to other offenders' at this Same facility.

#2 plaintiff R.Taylor 107070 in addition to any other remedies to which he might be entitled, each instance of (W.C.C.) operated by (LM.C.) and it's Medical Department Employee named hereinabove and/or their utilization of an "unfair or deceptive trade "or-

business practice, and in particular (W.C.C.) operated by (L.M.C.) medical Department Keith, Deville, Burton, Michot, Mark, Singleton, Daniel, Marr, Ami, Brunson

ODious policy, pattern, or practice of dispensing prescriptions and medications based on or upon Costs rather than offender need. Particularly between March 1st, 2016, through July 12, 2016 while plaintiff assertion that these defendants actions) and inactions) did infact subject me or caused me to be subjected to unnecessary suffering: manifestation of my right testicle not getting well because when (they opted to phase my medication(s) out, and discontinue them for whatever reasons they discontinued my recovery process) because under the regimin of medication I was doing well and feeling well.

#3 = they have intentionally ignored the seriousness of my five urologists diagnosis/prognosis;

#4 = delaying, discontinuing all regimins of medication(s) and all Utt.urology follow-up appointments, where one particular (surgical procedure) was pending vs. monitoring on medications;

#5 = the manifestation that could occur and this physician Mark, Singleton (should have known) would occur eventually and it did, as evidence 9/27/2017 plaintiff exhibit ___ undisputed/surgical procedure;

Wherefore, plaintiff R. Taylor demands judgment against each individual defendant, jointly and severally, in an amount which exceeds the jurisdictional requirements of the Court.
And, furthermore because of the disregard: wanton reckless acts by these defendants, =

100% one hundred percent policy claims against each individual defendant and their Insurance Carrier because my Condition manifestation of right testicle having to be Surgically removed by excision

Damages Sought $ 400,000.00

Special Damages Sought $ 4,000,000.00 plus interests, attorneys costs, and further demands such other and further relief as this Court may deem just, proper and equitable.

Jury Demand

(Y)- . Petitioner Taylor 107070 demands a jury trial for all of the issues Contained in my original and Amended Complaint (I) (II) due to loss material and needing to Comply with the Honorable Court Memorandum order on 9/29/2017 to forward a Copy of Complaint partially lost. . . .

wherefore, plaintiff Taylor 107070 prays that defendants' be duly served with summons and Complaint and that after due proceedings be had that this Honorable Court render such judgments as might render substantial justice among the parties.

S/ Robert Paul Taylor 107070   Respectfully Submitted,

I declare under penalty of perjury that the foregoing is true and Correct. Executed personally on _____, 2017 by R Taylor 107070

Certificate of Service

(Z)- I certify that on _____, 2017 I did place the document herein in the U.S. mail addressed properly, postage paid to the U.S. District Court, Honorable Clerks office, for the Defendants' along with Summonses and Completed U.S.M. - 285 Forms.

S/ Robert Paul Taylor 107070