c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SECTION P

| ROBERT PAUL TAYLOR, Plaintiff | CIVIL ACTION NO. 1:17-CV-00882 |
|---|---|
| VERSUS | JUDGE DRELL. |
| LASALLE MANAGEMENT CO., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court are: (1) a Motion for Pretrial or Scheduling Conference, Motion to Begin Discovery (Doc. 26); (2) Motion for Sanctions (Doc. 27); and a (3) Motion to Compel Discovery (Doc. 28) filed *in forma pauperis* by pro se plaintiff Robert Paul Taylor ("Taylor"). Because discovery is premature and this case is exempt from the conference requirements of Rule 26(f), Taylor's Motion for Pretrial or Scheduling Conference, Motion to Begin Discovery (Doc. 26) is denied. Because Taylor requests sanctions relating to incomplete records, and this Court's Order (Doc. 10) has already provided Taylor be allowed to file a Motion to Compel, Taylor's Motion for Sanctions (Doc. 27) is denied. Because this Court finds Deville has not produced the medical records from the outside providers who treated Taylor, this Court grants in part Taylor's Motion to Compel (Doc. 28). Taylor's Motion to Compel (Doc. 28) is denied in part as to his request for discovery and a scheduling conference.

1

I.  **Background**

Taylor filed a civil rights complaint under 42 U.S.C. § 1983. (Docs. 1, 11). Taylor is an inmate in the custody of the Louisiana Department of Corrections ("DOC"). He is incarcerated at Raymond Laborde Correctional Center ("RLCC"), formerly Avoyelles Correctional Center ("ACC"). At the time of his complaints, he was incarcerated at Winn Correction Center ("WCC") in Winnfield, Louisiana. Taylor alleges he was denied adequate medical care in violation of the Constitution. He names as Defendants Burton Michot, Dr. Mark Singleton, Daniel Marr, Ami Brunson, LaSalle Management Company, and WCC ("Defendants"). Keith Deville, Warden of WCC ("Deville"), received service of summons. (Doc. 14). Summons were returned unexecuted as to the other named Defendants. (Doc. 15).

Defendant Keith Deville ("Deville") filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 13). In compliance with this Court's order, Deville filed and forwarded to Taylor via mail: (1) WCC Records on December 18, 2017 (Doc. 17); and (2) RLCC Prison Records, and RLCC Medical Records on January 19, 2018 (Doc. 21). Taylor opposes the motion, and also filed a two-part sur-reply to Deville's response to his opposition. (Docs. 19, 20, 23, 24). Taylor also filed an urgent response after filing his sur-reply. (Doc. 25). Taylor then filed the instant motions. (Docs. 26, 27, 28). The motions appear to be a continuance of the numerous replies in opposition to Deville's 12(b)6) motion. This Court will issue its ruling on Deville's 12(b)(6) Motion to Dismiss by separate order, at which time this Court will consider Taylor's

opposition. However, the Court will now separately address the requests in Taylor's instant motions.

II. Motion for Pretrial or Scheduling Conference, Motion to Begin Discovery

Taylor seeks a pretrial or scheduling conference under Fed. R. Civ. P. 16, and permission to begin discovery. (Doc. 26). Taylor argues that counsel for Defendants, Brad Calvit ("Calvit"), filed a Notice of Compliance with Memorandum Order (Doc. 10) and Notice of Records Deposition and Subpoena Duces Tecum on December 18, 2017. (Doc. 26). Taylor claims he informed Calvit that RLCC has partial records. (Doc. 26). Taylor alleges he was seen by five different urologists at five different hospitals, and that five HIPAA authorizations must be provided by Calvit to Taylor for his signature. (Doc. 26). Taylor further alleges urology records from October 18, 2017, and December 22, 2017 "differ" from the five other urologists, and are relevant. (Doc. 26). Taylor seeks to initiate discovery and requests from Calvit "complete" medical records to include a CD depicting pictures of his ruptured epididymis and pierced scrotum, with forty-two months of prescribed medical treatment. (Doc. 26).

This Court ordered the Defendants file a response to the Complaint within twenty-one (21) days after service of summons, and gave the parties sixty (60) days following the filing of an answer to complete all appropriate discovery. (Doc. 10).

Here, in lieu of filing an answer, Deville filed a 12(b)(6) Motion to Dismiss (Doc. 13). Additionally, no other defendants have been properly served. (Doc. 15). Thus, discovery is premature at this time. (Doc. 10). Further, this pro se prisoner case is exempt from the conference requirements of Rule 26(f). Fed. R. Civ. P. 26(a)(1)(B).

Taylor's Motion for Pretrial or Scheduling Conference, Motion to Begin Discovery (Doc. 26) is denied. Taylor's requests relating to complete medical records and HIPAA authorizations are addressed below.

III. <u>Motion for Sanctions</u>

Taylor seeks Rule 11(c) sanctions against Calvit based upon his allegations that: (1) Taylor has attempted multiple telephone conferences, email correspondence, and written correspondence with Calvit without success; (2) Calvit's failed to provide Taylor five HIPAA authorizations; and (3) Calvit fraudulently presented "RLCC-MR50" in Deville's Reply to Response to 12(b)(6) Motion to Dismiss (Doc. 20). (Doc. 27).

For impeachment purposes, Taylor also seeks the name of the healthcare provider who created the document "RLCC-MR50" (Doc. 22-2). (Doc. 27). Taylor alleges the document is a fraud created by Calvit in support of Deville's motion. (Doc. 27). Additionally, Taylor argues, Deville is not in full compliance with this Court's Order. Taylor asserts the records submitted do not contain the urology reports from the five urologists he saw, but only written reports from WCC and RLCC that were completed upon his return from seeing the urologists. (Doc. 27).

Rule 11 of the Federal Rules of Civil Procedure requires attorneys to sign every "pleading, written motion, and other paper" and certify to the court that to the best of their knowledge, formed after a reasonable inquiry, that the claims in the petition have evidentiary support and are not being used for any improper purpose. Fed. R. Civ. P. 11. Courts are authorized to "impose an appropriate sanction on any attorney,

law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "Rule 11 imposes an objective standard of 'reasonableness under the circumstances.'" Pillar Panama, S.A. v. DeLape, 326 F. App'x 740, 744 n. 5 (5th Cir. 2009) (quoting Thomas v. Capital Sec. Service, Inc., 836 F.2d 866, 873 (5th Cir. 1988)).

The Court must look to whether Taylor has shown, based on the information reasonably available to Deville at the time, Deville was objectively reasonable in filing his 12(b)(6) Motion to Dismiss, and supporting documentation. Defendants were ordered to provide Taylor with, and file, an indexed copy under seal, all medical records, warden's unusual occurrence reports, and any other documents pertinent to the issues in this case, including medical records from any outside treatment providers. (Doc. 10).

A review of the record shows Deville filed responses, as to WCC records and RLCC records (prison and medical), in compliance with the Court's Order. (Docs. 17, 18, 21, 22). Counsel for Deville certified his responses were a complete copy in accordance with the Order. (Docs. 17, 21). The documents are certified as true and correct copies prepared and maintained by RLCC. (Doc. 22). Taylor provided no evidence in support of his conclusory allegations that "RLCC-MR50" was a fraudulent document. To the extent that Taylor's request is for discovery, the Court finds above

5

that the request is premature.[1] Taylor may renew his request upon this Court's ruling on Deville's 12(b)(6) Motion to Dismiss, and the filing of an answer by Deville. (Doc. 10). To the extent Taylor requests sanctions relating to incomplete records, this Court's Order (Doc. 10) provided Taylor be allowed to file a Motion to Compel, addressed below. For these reasons, Taylor's Motion for Sanctions (Doc. 27) is denied.

## IV. Motion to Compel Discovery

Taylor argues Deville's 12(b)(6) motion is not a response upon service of summons. (Doc. 28). Taylor asserts he provided Calvit with his email address and invited Calvit to set up an email address with "ipay" to make it more convenient to respond and communicate with Taylor. (Doc. 28). Taylor requests permission to engage in discovery or for a scheduling conference regarding incomplete discovery provided by Deville, and misleading statements in Deville's 12(b)(6) Motion to Dismiss summarizing his allegations. (Doc. 28). Taylor alleges that, on December 18, 2017, Deville requested a notice of records deposition, subpoena, and subpoena duces tecum, which he alleges began the discovery process. (Doc. 28).

Taylor acknowledges receipt of WCC records received from Deville in compliance with this Court's Order (Doc. 10). (Doc. 28). Taylor alleges he has "five additional hospitals, physicians who are urologist[s]." Taylor refers to this Court's Order (Doc. 10), that "any physician, medical facility, or other health care provider that has examined or administered treatment of any kind to Plaintiff relative to the

---

[1] Taylor's request for the name of the person filling out "RLCC-MR50" appears on the form as "Self LPN." As discussed, Taylor's request for discovery and scheduling conference is premature at this time.

6

complaint is ORDERED to release to any party". . . any and all such medical records. (Doc. 28). Taylor argues that, to be in compliance with this Court's Order, Deville must forward him five HIPAA authorization forms that he must sign and return to Deville's counsel. (Doc. 28).

The record shows Deville has partially complied with this Court's order in providing Taylor with his pertinent prison and medical records. (Docs. 13, 22). Taylor's records show urology treatment with outside providers, but Deville has not produced those medical records in compliance with the Court's Order. (Doc. 10).

The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. Fed. R. Civ. Proc. 37(a). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or persons failing to make disclosure or discovery in an effort to obtain it without court action." Id. Taylor alleges he attempted to confer with Calvit regarding the partial records, and alleges his urology records are pertinent to this litigation.

As discussed above, Taylor's request for discovery is premature until this Court rules on Deville's 12(b)(6) Motion to Dismiss, and Deville has filed an answer. However, the Court ordered Deville to produce all documents pertinent to the issues of this case, including medical records from any outside treatment providers. (Doc. 10). The Court further ordered Taylor be allowed to file a motion to compel such responses from Defendant(s) if he is not in receipt within the prescribed time period. (Doc. 10). A review of the record shows Deville filed responses in compliance with

7

the Court's Order, but those responses did not include the medical records from the outside providers who treated Taylor. (Docs. 17, 18, 21, 22). Taylor's Motion to Compel (Doc. 28) is granted in part as to his request to compel defendants to produce his medical records from the outside treatment providers, and denied in part as to his request for discovery and a scheduling conference.

V.    Service for Defendants Marr, Dr. Singleton, Brunson, and Michot

A review of the record shows Taylor provided service information for Marr, Dr. Singleton, Brunson, and Michot. (Doc. 12). The Marshal attempted to make service at the correctional facility address provided by Taylor, but was unable to make service. (Doc. 15). The Marshal noted on each return: "No longer employed @ WCC." (Doc. 15).

Taylor is proceeding as a pauper, so the Court is obliged to assist him in making service. The Court, however, has no means of investigating to determine a person's address. Counsel for Deville is invited to file the last known addresses of Defendants Marr, Dr. Singleton, Brunson, and Michot in a letter clearly marked, "File Under Seal." The Clerk will then prepare service papers, the Marshal will attempt service at that address, and all returns or documents containing the addresses of Marr, Dr. Singleton, Brunson, and Michot will be filed under seal.

Further, Taylor provided service information for LaSalle Management Company. (Doc. 15). To ensure service upon LaSalle Management Company, LLC, Taylor will need to ensure that service is perfected in accordance with Federal Rule

8

of Civil Procedure 4(h).[2] The Marshal attempted to make service at the correctional facility address provided by Taylor, but the Marshal noted service was "Redundant." However, the Court notes that service on LaSalle Management Company is not redundant. While the Court cannot determine what was meant by the notation, it is clear that service on LaSalle Management Company was not perfected. To that end, the Court notes the Secretary of State shows the registered agent for LaSalle Management Company, LLC is William K. McConnell, 192 Bastille, Suite 200, Ruston, Louisiana 71270.[3]

## VI. Conclusion

Accordingly,

IT IS HEREBY ORDERED that Taylor's Motion for Pretrial or Scheduling Conference, Motion to begin Discovery (Doc. 26) is DENIED.

IT IS FURTHER ORDERED that Taylor's Motion for Sanctions (Doc. 27) is DENIED.

IT IS FURTHER ORDERED that Taylor's Motion to Compel Discovery (Doc. 28) is GRANTED in part as to his request to compel Defendants to produce his medical records from the outside treatment providers, and DENIED in part as to his request for discovery and a scheduling conference.

---

[2] Instructions for service of process may be found in this Court's Guide to Practice which may be found online at http://www.lawd.uscourt.gov/courtrules. Alternatively, Taylor may obtain a paper copy of the Guide to Practice from the Clerk of Court's office.

[3] See https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID=517077_C41370FB78.

IT IS FURTHER ORDERED that Deville provide all Taylor's medical records pertinent to the issues in this case from any outside treatment providers, in accordance with this Court's Order (Doc. 10) within 21 days of the date of this Order.

IT IS FURTHER ORDERED that counsel for Deville shall, on or before March 9, 2018, <u>file under seal</u> the forwarding addresses for Marr, Dr. Singleton, Brunson, and Michot, or state in writing that the forwarding addresses could not be obtained or that they continue to be employed at WCC.

IT IS FURTHER ORDERED that, when the forwarding addresses are filed, the Clerk shall fill out a summons and USM-285 form for each defendant for whom an address is provided and shall serve them though the U.S. Marshal's Service.

IT IS FURTHER ORDERED that the Clerk shall fill out a summons and USM-285 form for LaSalle Management Company, LLC, doing business as LaSalle Corrections, and have it served by the U.S. Marshal's Service through its registered agent for service William K. McConnell, at 192 Bastille, Suite 200, Ruston, Louisiana 71270.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of March, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge