UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

D

| | |
|---|---|
| ROBERT PAUL TAYLOR, Plaintiff | CIVIL ACTION NO. 1:17-CV-882 - P |
| VERSUS | JUDGE DRELL |
| LASALLE MANAGEMENT COMPANY, et al., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court are three Rule 12(b)(6) Motions to Dismiss (Doc. 13) (Doc. 40) (Doc. 42) filed by Defendants Warden Keith Deville ("Deville"), Dr. Mark Singleton ("Singleton"), Ami Brunson ("Brunson"), and LaSalle Management Company ("LMC") (collectively, "Defendants").[1] Pro se Plaintiff, Robert Paul Taylor ("Taylor") (#107070), alleges a civil rights (42 U.S.C. § 1983) violation. Taylor is an inmate in the custody of the Louisiana Department of Corrections. Taylor was incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Taylor complains that he was denied adequate medical care in violation of the Eighth Amendment. Defendants claim prescription for the complaint has run.

Because Taylor's injury is a "continuing-tort," the Motions to Dismiss with prejudice should be denied.

---

[1] Taylor refers to LMC as "Lasalle Management Company of Ruston, LA – Lasalle Corrections/Winn Correctional Center" in his complaint. (Doc. 1, p. 3). LMC managed Winn Correctional Center ("WCC") during Taylor's incarceration. The alleged injuries occurred at WCC. This opinion will reference WCC.

I.  Background

Taylor was examined at the university hospital in Shreveport, Louisiana for medical diagnosis and treatment. (Doc. 1-2, p. 5). Taylor allegedly suffered a ruptured epididymis and pierced scrotum as a result of excessive force by officers in New Orleans. (Doc. 1-2, p. 4). Taylor alleges he also suffers from hypertension, urinary blockage, and a scrotal mass, all of which cause him pain. (Doc. 1-2, p. 5).

Taylor was incarcerated at WCC from February 17, 2014 until July 12, 2016. Taylor alleges that once he arrived at WCC, Defendants intentionally denied and delayed his medical treatment. Taylor's medications – Bactrim and Flomax – were discontinued. (Doc. 1-2, p. 5). Additionally, Defendants refused to provide Neurontin, which was recommended for nerve damage. (Doc. 1-2, p. 7).

Taylor's follow-up appointments with the urologist were cancelled. (Doc. 1-2, p. 5). Taylor also indicates that a surgical procedure was cancelled. (Doc. 1-2, p. 8). Taylor alleges Brunson told him that he could not receive the medications or further treatment. (Doc. 1-2, p. 6). Taylor also alleges that Marr, Brunson, and Michot informed him the prescriptions were not corporate-approved and would be discontinued because of budget cuts. (Doc. 1-2, p. 9). Taylor filed administrative grievances on several occasions, including January 5, 2015, January 1, 2016, and March 15, 2016. (Doc. 1-2, p. 10).

Taylor complains that he still suffers from a swollen right testicle, which has worsened since the discontinuation of his medications. (Doc. 1-2, p. 6). Taylor

experiences "continuous burning and throbbing sensation and pain in his right testicle." (Doc. 1-2, p. 9).

Taylor filed his complaint on July 7, 2017. (Doc. 1, p. 1). Defendants argue any causes of action that accrued before July 6, 2016 have prescribed. (Doc 13-1, p. 2).

II. Law and Analysis

    A. Standards governing the Motion to Dismiss.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary, "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court must view all well-pleaded facts in the light most favorable to the plaintiff. See Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016). "[A] complaint fails to state a claim upon which relief can be granted if it shows on its face that prescription has run." Broussard v. Foti, No. 00-2318, 2001 WL 322066, at *1 (E.D. La. Apr. 2, 2001). "Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (quoting Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005)).

    B. Standards governing Prescription.

A § 1983 claim is a federal cause of action. However, a court must look to state law to determine the applicable statute of limitations and tolling provisions.

Wallace v. Kato, 549 U.S. 384, 387 (2007). Taylor's cause of action arose in Louisiana. Therefore, the prescriptive period is one year. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).

Federal law determines when a § 1983 claim accrues. See id. Generally, under federal law, "the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Helton v. Clements, 832 F.2d 332, 335 (5th Cir.1987). There are exceptions to this rule. See Nottingham v. Richardson, 499 F. App'x 368, 375 (5th Cir. 2012). "The continuing-tort doctrine is one of accrual and thus a question of federal, rather than state, law." Id. A continuing-tort claim does not begin to accrue time until the last injury has occurred. See id. State interpretation is not binding upon a court. See id. n.5. However, courts consult state law in reference to § 1983 claims. See id.

### C. Taylor's injury is a continuous tort; prescription has not run.

A "continuing-tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." Crump v. Sabine River Auth., 737 So.2d 720, 728 (La.1999); see also Nottingham, 499 F. App'x at 375 ("[Prisoner] was given examinations, medical care, prescription medication, and a special diet, among other things. There was no continuing denial of medical care and thus no continuing tort."). A continuing-tort claim requires a duty owed by the defendant and a continuing breach. See Crump, 737 So.2d at 728. "A common characteristic of [continuing-torts] is that they present a plaintiff who was harmed as a result of

4

the cumulative effect of a course of negligent treatment, not by a single act . . . ." Harris v. Breaud, 2018 WL 1059604, *12 (La. App. 1st Cir. Feb. 27, 2018); see also Chiasson v. Doe, 618 So.2d 38, 41 (La. App. 3d Cir. 1993) (negligent administration of narcotics over several years resulted in plaintiff's addiction); Winder v. Avet, 613 So.2d 199, 202 (La. App. 1st Cir. 1992) (a series of negligent radiation treatments caused plaintiff's death).

Defendants had a duty to provide Taylor with adequate care. See Estelle v. Gamble, 429 U.S. 97, 103 (1976) (the government has an obligation to provide medical care to prisoners). Taylor claims Defendants breached that duty. Taylor did not receive a variety of adequate care that would have terminated a continuing-tort. See Nottingham, 499 F. App'x at 375. Instead, according to Taylor's allegations, recurring inadequate care culminated to cause Taylor's deteriorated condition, which is comparable to conventional continuing-torts. See Chiasson, 618 So.2d at 41; see also Winder, 613 So.2d at 202.

The alleged injuries sustained by Taylor resulted from several, separate treatment denials. Taylor alleges that although the first denial of adequate care occurred sometime in 2014, denial of care continued until July 12, 2016. Taylor alleges he was denied medication at least three times after filing grievances. Taylor also claims he was denied treatment after making sick calls. Taylor specifically alleges that, on July 6 and July 7, 2016, he was denied adequate emergency care. The last alleged denial of medical attention for the testicle injury occurred between July 6 and July 12, 2016. Accordingly, Taylor's claim was a continuing-tort through

about July 6 or July 12, 2016. Prescription began to run on, or between, July 6 and July 12, 2016. Therefore, Taylor's claim has not prescribed.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Defendants' Motions to Dismiss (Doc. 13) (Doc. 40) (Doc. 42) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of June, 2018.

 Joseph H.L. Perez-Montes
 United States Magistrate Judge