**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**ROBERT PAUL TAYLOR**                              **CIVIL ACTION NO. 1:17-CV-882 - P**
                   **(#107070)**

                                                   **JUDGE DRELL**

**V.**

                                                   **MAGISTRATE JUDGE PEREZ-MONTES**

**LASALLE MANAGEMENT COMPANY,**
**ET AL**

## OBJECTION TO REPORT AND RECOMMENDATION

Defendants, Warden Keith Deville ("Deville"), Dr. Mark Singleton ("Singleton"), Ami Brunson ("Brunson"), and LaSalle Management Company, LLC ("LMC") submit the following written objection to the Report and Recommendation, [Doc. No. 55], denying the Defendants' Motions to Dismiss, [Docs. No. 13, 40, 42], under LR 74.1(B).

INTRODUCTION

Deville, Singleton, Brunson, and LMC were all properly served with suit and all moved to dismiss those claims brought against them by Robert Taylor ("Taylor") accruing prior to July 6, 2016, as untimely filed. A Report and Recommendation was issued which jointly addressed the prescription arguments brought by all Defendants.

Deville, Singleton, Brunson, and LMC object to that Report and Recommendation to the extent that it maintains Taylor's claims against them for actions occurring prior to July 6, 2016. More particularly, the Defendants object to the Report and Recommendation's assertion that the alleged actions of the Defendants prior to July 6, 2016 constitute a continuing tort and that Taylor's action accrued on or about July 12, 2016.

Page 1 of 7

LAW AND ARGUMENT

The Defendants asserted their prescription argument pursuant to multiple Rule 12(b)(6) Motions to Dismiss. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). And "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

Taylor's claims are brought under 42 USC §1983, which does not have a federally provided period of limitations. Instead federal law looks to the law of the state in which the cause of action arose to supply the applicable statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). "In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). But federal law determines when a § 1983 claim accrues. Id. "Under federal law, a section 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999) (per curiam) (quoting Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992)).

Accrual may be delayed where the allegedly tortious activity constitutes a continuing tort. "Under that doctrine, a claim for a 'continuing tort' does not accrue until the tort has ceased." Nottingham v. Richardson, 499 Fed. App'x. 368, 375 (5th Cir. 2012). The Report and Recommendation asserts that Taylor's injury is a continuing tort because he alleged a continuing

Page 2 of 7

breach of the Defendants' duty to provide him with adequate medical care. The Report and Recommendation emphasizes Louisiana state law cases that show that continuing torts often arise where, "a plaintiff. . . was harmed as a result of the cumulative effect of a course of negligent treatment, not by a single act.. . " Harris v. Breaud, 2018 WL 1059604, *12 (La. App. 1st Cir. Feb. 27, 2018). However, this fails to account for the burden of proof which Taylor must carry in order to prove his case under §1983. Taylor must show that the Defendants were deliberately indifferent to his serious medical needs. See Hare v. Corinth, Miss., 74 F. 3d 633 (5th Cir. 1996). The Fifth Circuit has held that, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with her medical treatment, absent exceptional circumstances." Sama v. Hannigan, 669 F. 3d 585, 590 (5th Cir. 2012)(internal citations omitted). Accordingly, for a claim under §1983 for failure to provide adequate medical care to qualify as a continuing tort the continuous harm at issue must arise from a continuous act of deliberate indifference, rather than negligence. To apply any other standard would allow a cause of action that can only be proven with a showing of deliberate indifference to survive based solely on acts of negligence which could never stand to prove the claim asserted.

Further, the asserted tortious acts of the Defendants were not continuous. The Report and Recommendation leans on the Nottingham case in its analysis to suggest that because Taylor asserts a series of allegedly tortious acts the Defendants were in continuing breach of their duty to provide adequate care. Nottingham is cited for the proposition that where, "there was no continuing denial of medical care," there was, "no continuing tort." [Doc. 55, p. 4](citing Nottingham v. Richardson, 499 Fed. App'x. 368, 375 (5th Cir. 2012)). Later the Report and Recommendation cites the holding in Nottingham asserting, "Taylor did not receive a variety of adequate care that would have

terminated a continuing-tort." [Doc. 55, p. 5].  However, the Nottingham court did not require that the care which terminates an allegedly continuing tort be "adequate" but instead that it happen at all. Deciding against the application of the continuing tort doctrine there, the Nottingham court found that, "Although [Nottingham's] general complaint was that he received 'inadequate' medical care, each instance of potentially deliberate indifference ceased when he received medical attention. . . . There was no continuing denial of medical care and thus no continuing tort." Id.  When the general rule that neither unsuccessful medical treatment nor a prisoner's disagreement with medical treatment constitutes deliberate indifference is applied, it is clear that the provision of medical care abates an allegedly continuous tort even where the Plaintiff disagrees with the care received.  If this were not the case, then any inmate could bring an imprescriptable claim for inadequate medical care based on mere disagreement with treatment.  An examination of Taylor's Complaint and Amended Complaint show that while he may have disagreed with the extent and nature of the care he received, he was seen by medical personnel on several occasions. For example, Taylor's Amended Complaint describes a disagreement on treatment between himself and Brunson as well as Burton Michot. [Doc. 11, p. 21].  Taylor describes disagreements on treatment with Dr. Singleton on multiple visits to Dr. Singleton. [Doc. 11, p. 24].  He complains of Dr. Singleton "countermanding" the directives of other physicians–i.e. again mere disagreement over treatment. [Doc. 11, p. 27].  While Taylor clearly disagreed with the medical treatment he received, it is also plain that he received treatment.  Just as in Nottingham the treatment that Taylor received means that there was no continuing denial of medical care and thus no continuing tort.

Further examination of Taylor's Complaint and Amended Complaint show that his allegations of inadequate medical care take several forms, many of which constitute distinct acts or

omissions from which prescription should run.  Particularly, Taylor discusses the alleged discontinuation of certain medications which occurred more than a year prior to the filing of his initial Complaint.  While the Report and Recommendation suggests that, " a common characteristics of [continuing torts] is that they present a plaintiff who is harmed as a result of the cumulative effect of a course of negligent treatment, not by a single act. . ." [Doc. 55, p. 4-5] (citing Harris v. Breaud, 2018 WL 1059604, *12 (La. App. 1st Cir. Feb. 27, 2018) Taylor's assertion that three particular medications were discontinued alleges three specific, separate, single acts that allegedly caused him harm.  Any harm allegedly caused by discontinuing any treatment would be the result of a "continuation of the ill effects of an original, wrongful act" rather than a continuing breach. Crump v. Sabine River Auth., 737 So. 2d 720, 728 (La. 1999).  Even though, as asserted above, any allegations regarding the continuation or discontinuation of certain treatments constitute a disagreement on treatment between a prisoner and his health care provider this does not show the deliberate indifference required under §1983.  Each separate action or inaction starts a prescriptive clock which has now tolled as all of these allegedly occurred prior to July 6, 2016.

As the continuing tort doctrine does not apply to Taylor's allegations, the general rule for accrual of federal actions applies.  Under federal law, a §1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999) (per curiam) (quoting Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992)).  Here, Taylor had reason to know of the injury that forms the basis of his action since at least March of 2016 as shown in his Amended Complaint. [Doc. 11, p. 20].  It was then that he alleges that he was left alone, "confined to his bunk, walking became difficult, trying to sleep at night was a hardship. . . " [Doc. 11, p. 2].  Surely at that point, after allegedly being

provided inadequate care leading to his predicament, Taylor had the required knowledge for any claim he may have had based on such inadequate care to begin to accrue. Taylor knew, according to his own pleadings, the who, what, where, when, and why of his claimed failure to received adequate medical care by at least March of 2016, more than one year prior to filing suit. He failed to file his initial Complaint within one year and accordingly his claims are prescribed as asserted in the Defendants' Motions to Dismiss based on prescription.

CONCLUSION

For the reasons detailed above, Taylor's claims for inadequate medical treatment are prescribed as asserted in the Defendants' Motions to Dismiss based on prescription. The Report and Recommendation incorrectly applies the continuing tort doctrine to Taylor's claims even though Taylor's Complaint and Amended Complaint show that he was provided with care during his time at Winn Correctional Center. Using the logic of the Report and Recommendation, any claim for inadequate medical care is imprescriptable for as long as the inmate at issue remains ill or injured. If treatment and the knowledge of the need for treatment does not cause the prescriptive period to toll, as the Report and Recommendation would hold, then the Fifth Circuit's case law asserting that mere disagreements on treatment do not prove deliberate indifference will be rendered meaningless. Accordingly, the Report and Recommendation should be rejected, and Taylor's claims should be dismissed as prescribed.

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650
ATTORNEYS FOR DEFENDANTS,
KEITH DEVILLE, DR. MARK SINGLETON,
AMI BRUNSON, AND LASALLE MANAGEMENT
COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2018, I electronically filed the foregoing OBJECTION TO REPORT AND RECOMMENDATION with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following: NONE

I further certify that I have forwarded the foregoing document via first-class mail to the following non-CM/ECF participant:

ROBERT PAUL TAYLOR (#107070)
PRO SE
Raymond Laborde Correctional Center
1630 Prison Road
Cottonport, Louisiana 71327

/s/ H. Bradford Calvit
H. BRADFORD CALVIT