Case No. 1:17-cv-882-1 -DDD-M.J. Perez-Montes - Doc.No. 58 - filed 7/2/2018 - p.1 of 23

United States District Court
Western District of LA.
(Alexandria Division)

RECEIVED
JUL - 6 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

Robert Paul Taylor, 107070
    Versus
Lasalle Management Company, Et Al.

Civil Action No. 1:17-cv-882-P
Chief Judge D.D.D.
M.J. Perez-Montes

Plaintiff's response to Defendant's objection to Report and Recommendation

Plaintiff Robert Paul Taylor submits the following written response to Defendants' objection to Report and Recommendation, (Doc. No. 57) filed 6/25/2018 (1)- "number one". [1] through [309]. . . .

Denying the Defendant's 12(b)(6) motions to Dismiss, (Doc. No. 13, 40, 42), under LR 74.1 (8)

See: (Doc. No. 55) (2)-

Part ONE

Taylor reminds these Two Counselors' HB Calvit / EJ Meaux and the law firm Provosty, Sadler & de Launay, APC, along with this particular client Keith, Deville

(a) = Doc. No. 13-13-1, 40-40-1, and 42-42-1, motion to Dismiss pursuant to Fed. R.C.P. Rule 12(b)(6) Should be decided on the face of this particularized "Supporting document" filed on 1/17/2018, (Doc. No. 20) ? titled, Reply to Response To 12(b)(6) motion to Dismiss (3)- . . . . why.

(b) = It's a deliberate glaring misrepresentation, filed in bad-faith by three characters Keith, Deville / H.B. Calvit / EJ Meaux which is littered with inconsistencies Containing Keith, Deville's "factual allegations" which are Surreptitious representations that are deceptive, repeated misstatements of material facts. (4)- "number two"

(c)- Doc. No. 20, p. 2 last sentence; p. 3 first paragraph in it's entirety which Contains approximately "102" words from this gentleman's own mouth which is filed by HBC/EJM on 1/17/2018 (is) Contradicted by simply examining what the be three characters Deville/HBC/EJM themselves filed in the U.S.D.C.=WD=LA. Section "P" by examining one page, BLCC=MR=50 titled, medical record transfer summary. (5)- . . . cases I rely on are below.

See: Sanctions will be imposed on attorneys who signed motion for reconsideration in which witness deposition testimony was deliberately

distorted in effort to support their argument. [6] -

Lyle v. Charlie Brown Flying Club, Inc. (N.D. Ga. oct. 1, 1986), 112 FRD 392, 6 Fed. R. serv. 3d (Callaghan) 728, rev'd. (11th. Cir. Ga. 6/8/1987) 822 F. 2d 64. [7] -

Taylor reminds the Honorable Court that these three characters' Deville/ HBC/EJm had personal knowledge that on 9/29/2017 (Doc. No. 10, p-1, second paragraph) [8] -

"number three"

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. [9] -

(d) - Sanctions will be imposed on law firm which used as basis for it's position affidavit which witness later testified was lie, without disclosing later repudiation to Court, and same is required regardless of whether attorneys was aware that witness had later repudiated his affidavit when attorneys presented it to Court. [10] -

see: United Services Funds v. Ward, (D. Alaska 9/21/1988) 121 FDR 673. [11] -

Taylor reminds the Honorable Court that these three characters' Deville/ HBC/EJm were objectively reasonable in filing their (Doc. No. 13 and 13-1) 12 (b)(6) motion to dismiss on 12/01/2017 "but" not their supporting documentation Doc. No. 20 p. 2 last sentence; p. 3 first paragraph littered with inaccuracies; where Taylor presents a Colorable showing [12] - of intent to mislead the Court

See: Doc. No. 20 is Contradicted by RCCC=MR=50 [13] -

(e) - standard by which Courts are to judge Conduct challenged under Rule 11 is no longer one of bad-faith, but rather one of objective reasonableness, [14] - see: Lancellotti v. Fay (1st. Cir. R.I. July 18, 1990), 909 F. 2d 15, 17 Fed. R. Serv. 3d (Callaghan) 709. also Silva v. Witchem (1st. Cir. R.I. mar. 24, 1994) 19 F. 3d 725, 28 Fed. R. Serv. 3d (Callaghan) 420. [15] -

bad-faith is presented [16] -

Equal Employment opportunity Commission v. Sears Roebuck and Co. (N.D. Ill Sept. 18, 1986) 111 F.R.D. 385, 42 Employer Practice Des. (CCH) P 36 801, 6 Fed. R. serv. 3d (Callaghan) 331. [17] - Taylor Contends this party Deville and his two Counselor's HBC/EJm mislead the Court, obscure real facts of Case, to obstruct, and/or harass... plaintiff. These actions violated provisions of Fed. R. Civ. P. 11 (b) (1),(3), & (4) as well as 28 U.S.C. § 1927. see: Moser v. Bret Harte UnionHigh Sch. Dist. (E.D. Cal. June 12, 2005) 366 F. Supp. 2d 944. [18] -

(g) - Deville/HBC/EJM misrepresented the facts and Taylor doesn't merely make accusation[s], rather, presenting a Colorable showing of these false allegations in Doc. No. 20 p. 2 last sentence; p. 3 first paragraph. Containing approximately "102" words, [19] contradicted. See: RLCC=MR=50 [20] -

See: False allegations in Complaint were Not excused by allegation that they resulted from mis Communications between Counsel and his clients. [21] - Top Ent'nt Inc. V. ortega (1st. Cir. P.R. 4/5/2002), 285 F. 3d 115, 52 Fed. R. Serv. 3d (Callaghan) 664. [22] -

(h) - sanctions must be imposed on plaintiff who Certified false statements in his Complaint. [23] - Bynum V. michigan st. Univ. (W.D. mich. 6/22/1987) 117 F.R.D. 94. [24] -

☒ HBC/EJM Certified-false statements Contained in their Novel doc. No. 20, p. 2 last sentence; p. 3 first paragraph. [25] - RLCC=MR=50 [26] -

1 - ⟶ eviden(ce) by examining RLCC=MR=50 said a different way, defendants' 12(b)(6) and Supporting Doc. No. 20 maintains Deville/HBC/EJM's deceptive representations.

2 - See: Fed. R. Civ. Proc. Rule 11(b). [27] -

## Introduction opposing Doc. No. 57

Deville, Singleton, Brunson, and LMC's previously filed 12(b)(6) motion's to Dismiss should be Construed as poisoned and Tainted because of the Surreptitious presentation on 1/17/2018 in (Doc. No. 20, p. 2 & 3), [28] - which is Contradicted by examining RLCC=MR=50. [29] -

Robert Paul Taylor's claims were timely filed on 7/7/2017. In response to Defendant's Doc. No. 57, p. 1, second paragraph. All claims accruing that are Cognizable prior to July 6, 2016 are timely filed. The Report and Recommendation was issued precisely and accurately [30] - ... Compared to these characters, (Doc. No. 20) which was Craft/ly- devised. on 1/17/2018 while parallel Conduct, misleading the Court, attempting to obtain a favorable ruling for Deville before a dispositive ruling on their 12(b)(6) M.T.D. [31] -

was appropriately addressed, prescription began to run on, or between July 6, and July 12, 2016). [32] - The Defendant's arguments brought to the Honorable Court Doc. No. 55, p. 6, first sentence. [33] -

The plaintiff Taylor objects to the defendants objection to Report And Recommendation to the extent that HBC/EJM's one-sided review of (Doc. No. 1 and 11). [34]-

More than that, Taylor could not file his federal civil rights suit until he exhausted the available state administrative remedies, as section 1997 requires. [35]

Taylor's claims against Deville/Singleton/Brunson, and L.M.C. for all misconduct, actions or inactions, indifference by their wanton and willful intent, or "state of minds" which is a requirement that Taylor must prove. [36]-

## Scenario A- [37]-

deliberate indifference exist when an official knows about a serious danger to an inmate and yet is indifferent (unconcerned, uncaring) to that danger. [38]-

by showing deliberate indifference [39]-

See: Exhibit 4 in globo, (marked and identified hereinafter as exhibit 4, [40] titled, medical record transfer summary, created on 7/18/2016. RLCC-MR-50 [41]

The proximate timeline Taylor sought emergency medical care and was denied any care by Deville and his healthcare providers on 7/6/2016 and 7/7/2016. [42]- a continuing-tort is occasioned by an other unlawful acts... See: Doc. No. 55, p. 4 -C.

## Scenario B- [43]-

* on 7/12/2016, Deville and his healthcare providers placed this one page document, titled, medical record transfer summary on the very top of Taylor's medical file...

RLCC-MR-50 [44]-
Taylor Robert 107070
From (Institution): WCC - 7/12/2016
To: (Institution): RLCC
to be viewed by RLCC physicians Smith/mcvea [45]-

See:
Diagnosis:
HTW, scrotal mass, testicular pain, "malingering" [46] RLCC-MR-50

Taylor's response to these defendants' objection to Report and Recommendation Doc. No. 57 p. 1 third paragraph [47]- through page seven in its entirety.

More particularly, Taylor's reasserting that these defendants actions prior to July 6, 2016 does and did constitute a continuing-tort and my action occrued on or about July 12, 2016. [48]-

Law and Argument

Regardless of HBC/EJM's prescription argument pursuant to their multiple Rule 12(b)(6) M.T.D. Taylr filed sufficient oppositions and sur-replys. [49]-

"number six"

Most importantly, inadequate medical care by this prison for profit doctor Mark, Singletton's actions grossly ignored and disregarded Taylr's deteriorating condition. [50]- Taylr's Complaint contained sufficient factual matter, was accepted after a thorough review by United States Magistrate Judge whose experience and expertise, accepted as true, outweighs a Zealous Counselor HBC/EJM who signed a Certificate, p.4 of Doc.No.20 on 1/17/2018, littered with deception. [51]-

Taylr's (Doc.No. 1 and 11) stated a claim to relief that was plausible on it's face. [52] while detailed factual allegations, are not ~~Bell through v. Iqbal~~ necessary. "factual allegations" must be enough to raise a right to relief above the "speculative level." [53]- see: Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). [54]- The Court must view all well-pleaded "facts" in the light most favorable to the plaintiff. [55]- see: Yumilicious Franchise L.L.C. v. Barrie, 819 F.3d 170, 174 (5th.Cir. 2016). [56]-

"number seven"

However, the disparities presented here in (Doc.No.57) do not inexorably lead to any conclusion whatsoever that HBC/EJM's analysis are correct, because it is always possible, as it is in any case, especially as previously presented by Taylr that the "Version" of factual allegations by Keith,Deville in his novel supporting documentation, (Doc.No. 20 p.2+3) offered by HBC/EJM are Untrue which is evidanced by RLCC-MR-050. [57]-

Therefore, although the Honorable Court has been presented with materially different "versions" of what actually occurred at WCC . . . . (remember Deville and his Counselor's HBJC/EJM are inaccurately presenting to the Court that Taylor was provided adequate medical care (Doc.No.20, p.3 first sentence) which is A-lie. [58] RLCC-MR-50 conveys this character Deville and his health care providers' "state of minds" at the time Taylor sought care, repeatedly-

. and was denied care[59] although neither "version" is inherently implausible[60] where as here, fact finding is required to resolve such disputes. (Doc. No. 55) denying defendant's 12 (b)(6) motions to Dismiss was appropriate. [61] - "number eighth" [62] -

Defendants' (Doc. No. 13, 40, 42) should be denied. Obviously, plaintiff has offered competent factual allegations and as evidenced by examining (Doc. No. 20, p. 2, last sentence - p. 3 first paragraph) next to RLCC - MR - 50 the defendant Deville / HBC/ EJM have offered deceptive factual allegations and cannot support their "version, such as the "102" words presented to the Honorable Court on 1/17/2018 (Doc. No. 20 p. 2, & p. 3) [63] -

The proceedings permitted by the Court to proceed to Discovery, the record evidence supports plaintiff's version of all the events which are Taylor's material facts contained in (Doc. No. I and II) [64]. Furthermore, Taylor's verified complaint are factual assertions in a prisoner's verified complaint made under penalty of perjury constitute competent summary judgment evidence. [65] - See: Hart v. Hairston, 343 F. 3d 762, 765 (5th. Cir. 2003). [66] -
. . . . Taylor's response to (Doc. No. 57, p. 2 first paragraph). [67] -

There remains a genuine dispute of material fact such that a reasonable jury could or / if parties consent for a bench trial, a Judge could return a verdict for the non-moving party. [68] -
Although, defendants have not filed a summary judgment but did file multiple Rule 12(b)(6) MTD. [69] -
they have not argued that they are protected by qualified immunity [70] -
However, plaintiff has met his burden in this case 1:17-CV-882 and survived the defendants' 12(b)(6) MTD. [71] -
Defendant's Counselor's HBC/EJM are rambling in their (Doc. No. 57) and Taylor is trying to glean the arguments from the misstatements and regardless of what they are parroting, my federal individual capacity deliberate indifference claims against his clients should proceed towards discovery, repeated. [72] -

The plaintiff anticipates damning evidence provided by subpoena to a non-party to this case named IPh, self who I will provide additional factual information to support all my allegations, their intent, or "state of minds" for Taylor's claims. All additional factual allegations of deliberate indifference as set forth in Doc. No. 1 and 11). [73]- Taylor's claims are brought under 42 U.S.C. §1983, where Taylor cites Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law"). [74]- see: Nesmith v. Taylor, 715 F.2d 194, 195 (5th. Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law, a plaintiff under Section 1983 must show deprivation of a federal right"). [75]-

✓ Taylor's response to defendant's Doc. No. 57, p. 2 last paragraph. [76]- these arrogant officials are continuing to argue Taylor does not state a claim upon which relief may be granted based on prescription regardless of the standard of Review. [77]-

The Honorable Court considered defendants' 12(b)(6) M.T.D. and Taylor's filed his complaint on July 7, 2017. (Doc. No. 1, p. 1) [78]- Defendants argue any causes of action that accrued before 7/6/2016 have prescribed... (Doc. No. 13 = 1 p. 2) [79]-

(Doc. No. 57 = p. 2 last paragraph). [80]-

Federal Courts borrow state statutes of limitations to govern claims brought under section 1983. [81]- see: Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (5th. Cir. 1993) (citing Hardin v. Straub, 490 U.S. 536, 538-39, 104 L.Ed.2d 582, 109 S. Ct. 1998 (1989); [82]- Jackson v. Johnson, 950 F.2d 263, 265 (5th. Cir. 1992). [83]-

although federal Courts look to federal law to determine when a civil rights action accrues, see: Jackson v. Johnson, 950 F.2d at 265 state law supplies the applicable limitations period and tolling provisions. [84]- see: Gartrell, 981 F.2d at 257 ("In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."). [85]

Taylor's claims are brought under 42 U.S.C. §1983, against these named and identified official actors for civil actions for particularized described deprivation[s] of rights. [86] -

R.S. §1979, (12/29/1979 P.L. 96-170, §1 93 stat. 1284; 10/19/1996 P.L. 104-317, title III § 309 (c). 110 stat. 3853 [87] -

Taylor's injury is a Continuous Tort; prescription has Not run. [88] -

under federal law, a section 1983 action generally accrues when a plaintiff "knows" or has reason to know of the injury which is the basis of the action." [89] Jackson, 950 F. 2d at 265 (internal quotation marks omitted) (quoting Burrell v. Newsome, 883 F. 2d 416, 418 (5th. Cir. 1989). [90] -

A "Continuing-tort is occasioned by unlawful acts, not the continuation of the 'ill effects of an original wrongful act." [91] - Crump v. Sabine River Auth., 737 So. 2d 720, 728 (La.1999); [92] - see also Tottingham, 499 F. App'x at 375 ("Prisoner was given examinations, medical Care, prescription medication, and a special diet, among other things. [93] - denial of medical care and thus there was no continuing →→→→→→ no Continuing tort."). [94] - A continuing-tort claim requires a duty owed by the defendant and a continuing breach. [95] - see Crump, 737 So. 2d at 728. [96] -

"A common characteristic of [continuing-torts] is that they present a plaintiff who was harmed as a result of the cumulative effect of a course of negligent treatment, not by a single act..." [97] - Harris v. Breaud, 2018 WL 1059604 *12 (La. App. 1st. Cir. Feb. 27, 2018); [98] - see also Chiasson v. Doe, 618 So 2d 38, 41 (La. App. 3d. Cir. 1993) (negligent administration of narcotics over several years resulted in plaintiff's addiction); [99] - Winder v. Avet, 613 So. 2d 199, 202 (La. App. 1st. Cir. 1992) (a series of negligent radiation treatments caused plaintiff's death). [100] -

... Doc. No. 55, p. 4-C. 3rd. paragraph; P. 5, first paragraph [101] -

Defendants had a duty to provide Taylor with adequate care. See: Estelle v. Gamble, 429 U.S. 97, 103 (1976) (the government has an obligation to provide medical care to prisoners). [102] - Taylor claims defendants' breached that -

Number eleven

Accrual may be delayed where the allegedly tortious activity constitutes a continuing Tort. Doc. No. 57, p. 3 last paragraph, first sentence. [104] -

• Taylor did not receive a variety of adequate Care that would have terminated a Continuing Tort. [105] - Doc. No 55, p. 5 second paragraph, line 3-5. [106] -

See: Nottingham, 499 F. App'x at 375.

➤ Instead, according to Taylor's allegations, recurring inadequate Care culminated to Cause Taylor's deteriorated Condition, which is Comparable to Conventional Continuing Torts. [107] -

See: Chiasson, 618 So. 2d at 41; [108] -
See: also Winder, 613 So. 2d at 202. [109] - Doc. No. 55, p. 5 second paragraph, line 5-8. [110] -

• Taylor alleges he also suffers from hypertension, urinary blockage, scrotal mass, all of which cause him pain. (Doc. No. 1-2, p. 5) [111] -

Taylor must show by an account for the burden of proof which I must Carry in order to prove my Case under §1983. Doc. No. 57, p. 3 first paragraph, line 5-6. [112] -

Important Point:

Under Keith, Deville's dysfunctional medical department. Installing a brutal officer entrenched with Constitutional law violation(s) that was lacking training (still having inmates blood) on his uniform. Deville had to ask him to change his shirt. [113] - It is clear from L.M.C.1/B/A d.C. systemic ongoing patterns or practice's of unconstitutional Conduct with respect to,

Inadequate medical care [114] -

the Unsupervision, no disciplinary procedures to investigate "wide-spread-violations" of law and policy by Unit's Wardens/officers'/medical-staff; [115] - ("Lasalle") did not have in place the basic systems known to improve public safety or facility safety for the inmates housed at W.C.C.; [116] - particularly UnConcerned, UnCaring were Deville/Michot/ Singleton/ Brunson at the time tipped their head(s) to ensuring Constitutional practices. [117] -

Proximate deficiencies that lead to Constitutional violations Spanned Deville's entire operation. Deville/Michot/Singleton/Brunson all had knowledge of Taylor's deteriorating Condition. [118] -

Taylor has discovered a "smoking gun" of deliberate indifference, a one-page document titled medical record transfer summary. EX.C-MR-50 [119] -

2 - Taylor alleges that these defendants' began phasing out and intentionally withheld and discontinued by delay medical treatment. Taylor's medication's _ first Bactrim and Flomax _ were discontinued. [120] - for nerve damage.

3 - additionally, defendants refused to provide see: (Dec. No. 1-2, p. 5) Newrontin, which was recommended for nerve damage. [121] -

see: (Dec. No. 1-2, p. 7) [122] -

Taylor's Ultram / for breakthrough pain was already discontinued on three occasions [123] - and three ARP's filed against Deville / Singleton ...
see: Taylor, Robert 107070 WNC-2014 - 921, Pain medication Tramadol was discontinued. [124] -
See: Dec. No. 53 filed 5/29/2018, p. 2, third paragraph. [125] -

"Show" Taylor avers that admissible evidence already filed in 1:17-cv-882 under seal .... that under Dr. Mark Singleton and Keith Deville administrations hereinabove (a) through (h), (1) through (4) all of my vital regimen of necessary prescribed medication(s) were all already phased out and Mark Singleton's "delay" in providing needed medical care has violated the U.S. Constitution and endangered my safety and health ... by 7/6/2016 see: (Dec. 47, p. 8) [126] -

* Taylor reiterating every word in (Dec. No. 47) as though I'm reading it slowly and precisely to Deville/HBC/ETm [127] -

Again, Taylor admits here that the alleged failure to provide necessary medications occurred prior to July 6, 2016 — [128] -

official's Deville and his healthcare providers' Interfering with my prescribed treatment prior to July 6, 2016 endangered my health and safety and the deteriorating Condition of Taylor's nose - stinging - odor by 7/6/2016 meant absolutely nothing at all to these ("defendants") [129] -

The Constitution. Jail and prison officials may not interfere with or fail to carry out treatment that a doctor or other medical official has prescribed or ordered for you. [130] -
See: Estelle v. Gamble, 429 U.S. at 104-05 [131] -
    Such Conduct amounts to deliberate indifference. [132] -
See: Board v. Farnham, 394 F. 3d 469, 484 (7th. Cir. 2005) (asthma inhaler) [133] -
Johnson v. Lockhart, 941 F. 2d 705, 706-07 (8th. Cir. 1991) (10 month delay in surgery - that Dr. recommended be done within days.) White v. Napoleon, 897 F. 2d 103,106-10 ( 3rd. Cir. 1990) (prison doctor ignored instructions of inmates. prior physician regarding treatment of chronic ear infection). [135] -

Number Thirteen

Additionally, all of Taylor's claims based on described conduct Contained in (Doc. 16. # I and # II) were tolled prior to July 6, 2016. [136] -

4 - All of Taylor's follow-up appointments with the urologist(s) were Cancelled. see: (Doc. No. 1-2, p. 5) [137] -

* Once officials know about your serious medical need they must respond reasonably. what kind of response does the Constitution require? [138] - Promptly examined by qualified medical personnel, prescribed or ordered the necessary treatment, given that treatment properly, and then provided follow-up attention as needed. [139] -

According to the Supreme Court, prison officials violate the Constitution when they "intentionally [deny... or ... delay] access to medical care, provide grossly inadequate treatment, or intentionally interfere with prescribed treatment. [140] -

The Supreme Court wrote that the Constitution "prohibits" officials from "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed". [141] -

See: Estelle v. Gamble 429 U.S. at 104-05 (emphasis added) [142] -

Accordingly, Taylor's claim under §1983 for failing to provide adequate medical care as I've asserted in (Doc. No. I and II) which demonstrates by the record already viewed and more particularly more damning information that Taylor relies on to prove the Continuous denials caused continuous harm and the issue has arisen from the continuous acts of deliberate indifference: [143] - in 1:17-cv-882, also. : and Taylor's state law claims for negligence are at issue [144] -

What was the purpose of placing RLCC-MR-50 created on 7/10/2016 on the Top of my medical file? [145] -

[146] Taylor's right testicle was rotten by 7/6/2016. Infection after Infection. And, these fancy Counselor's HBC/EJM. involved in Collusion, or the like on 1/17/2018 (with Keith, Deville) while scheeming to file this "deliberate glaring misrepresentation (Doc. No. 20 (p. 2) and p. 3) [147] - have the skills to Continue misstating that the Report and Recommendation leans on the Nottingham Case in its analysis to suggest . . .

number fourteen

that because Taylor asserts a series of allegedly tortious acts the defendants' were in "Continuing breach of their duty to provide adequate care," there was, "No Continuing tort." [148] - Nottingham V. Richardson, 499 Fed. App'x 368, 375 (5th. Cir. 2012) Doc.no. 55 p.4 (citing Nottingham V. [149] -

see: Doc. No. 57, p.3 last paragraph [150] -

These Counselor's HBC/EJm should have provided the Honorable Court instead of just (2) pages, Taylor's ARP's against Deville also On 12/18/2017 see Doc. No. 18 [151] - Sealed Documents: Bates WCC-1-2 wcc Records - Redacted by Keith, Deville

➤ Here, they submit Two pages, only. [152] -

acknowledged by deville where are the Contents of Taylor's ARP's filed and and these Counsellor's HBC/EJM on 12/18/2017, Doc. no. 18 — yet, withheld by him [153] -

See Doc. no. 54, p.3 third paragraph by HBC/EJm, to the Court: [154] -

Though the Complaints make sweeping accusations that violations occurred up until Taylor's transfer on July 12, 2016, no specific allegations of fact showing a specific failure to provide care by Brunson between July 6, 2016 and July 12, 2016 have been alleged outside memoranda. [155] - misstatement number 77

In Means V. Durel 2016 WL 447720 at *3 (M.D. La. 2/4/2016) the Louisiana Middle District discussed the evidence which may be considered when ruling on a motion to dismiss. [156] -

In Considering a motion to dismiss for failure to state a claim under Rule 12 (b)(6), a district court must limit itself to the Contents of the pleadings, including attachments thereto. [157] -

Collins V. Morgan Stanley Dean Witter, 224 F. 3d 496, 498 (5th. Cir. 2000); F.R.C.P. 12 (b)(6). [158] -

Further, in deciding a 12(b)(6) motion to dismiss, a Court may permissibly refer to matters of Public record. [159] -

Cinel V. Connick, 15 F. 3d 1338, 1343 fn. 6 (5th. Cir. 1994). Finally, a Court may Consider matters of which they may . . . Doc. no. 54 p.3 last paragraph [160] -

Run No. Fifteen

take judicial notice. [167] -

U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc., 336 F. 3d 375, 379 (5th. Cir. 2003) citing Lovelace v. Software Spectrum, Inc., 78 F. 3d 1015, 1017-18 (5th. Cir. 1996). [168] "A judicially noticed must be one not subject to reasonable dispute in that it is clear either [169] (1) - generally known within the territorial jurisdiction of the trial Court [170] (2) - Capable of accurate and ready determination by resort to (sources) whose accuracy Cannot be questioned." Fed. R. Evid. 201 (b). [171] -

● Again, plaintiff request the Honorable Court to at least Consider and reviewing first [172] - United States District Court, office of the clerk - Western District of Louisiana - Tom Stagg U.S. Court House, 300 Fannin St., Suite 1167, Shreveport, LA. 71101 - (318) 676-4273 [173] -

See: Complaint /22 pages reasserted by Taylor on 6/29/2018, [174] - today. See: Doc. No. 4 filed 10/23/2017, Doc. No. 4 is an electronic docket entry and Cannot be produced, thus it Can be viewed by the Honorable Court. [175] - More importantly, see: Doc. No. 11 was filed on 10/23/2017. this is Taylor's Amended Complaint and is 117 pages. [176] -

Accordingly, as previously asserted in Means v. Durel relative to the Contents of the pleadings, including attachments thereto. [177] - In deciding these defendants' 12(b)(6) M.T.D. [178] -

And, Secondly, the Honorable Court may at least Consider reviewing the Material facts in Doc. No. 1 and 11 along with attachments under submission Since "10/23/2017" way before these Sharp Counselors' HBC/EJM filed their 12 (b)(6) M.T.D. on 12/01/2017... [179] - thirdly, According to the Fifth Circuit precedent, "a Court may take judicial notice of a Document which was filed in another Court ... to establish the L.M.C. 0/0/A. LL. operating W.CC. And its wide-spread patterns or practices [of] Constitutional violations [S] [180] - which happen stance, are filed in the U.S.D.C - W.D. - LA. [181] - over view. these two inmates were enemies who fought earlier,

number sixteen

"yet," were both called together. [182] As gladiator's . . . to continue fighting [183] —

See: white v. Lasalle Corrections and,
Moore v. Lasalle Corrections [184] —

USDC - WD - LA. Case No. 3:16-cv-01405 - RGH-KLH [185] —
USDC - WD - LA. Case No. 3:16-cv-01007 - RGH-KLH , [186] —
6 Systemic patterns or practices of Constitutional violations - wrongful death lawsuits, filed by white and Moore families. Two cellmates "die" at Louisiana Jail.

by David M. Reutter [187] —

Sources: Courthouse News Service, www.Ktbs.com or www.Knoe.com [188] —

See: Dec. No. 43 filed _____ Case No. 1:17-cv-882
P. 1-2 of 20 [189] —

☒  Taylor's opposition to Lasalle Management Company, LLC's - (Dec. No. 40)
12(b) (6) motion to Dismiss, 1:17-cv-882 [190] —

HBC/EJM again in their Dec. No. 54 filed 5/31/2018 p. 1 of 6, first sentence, Second paragraph [191] they say: It is "clear then that the Court may not consider the extrinsic materials repeatedly referred to by Taylor without Converting the instant M.T.D. to a Motion for summary Judgment under Fed. R. Civ. P. 56 / Fed. R. Civ. P. 12 (d). [192] —

In Ace American Ins. Co. v. Huntsman Corp. 255 F.R.D. 179, 187-188 (S.D. Tex. 2008) the Texas Southern District discussed a Courts discretion in accepting outside — Materials : [193] —

HBC/EJM Read what it says Carefully : [194] —
". . . When matters outside the pleadings "are Submitted in Support of or in Opposition to a Rule 12(b) (6) M.T.D. Rule 12 (b) grants Courts discretion to Accept and Consider these Materials, but does not require them to do so.
See: Prager v. La Fayer, 180 F.3d 1185, 1188-89 (10th Cir. 1999) [196] see: Doc. No. 54 p. 4 third paragraph [197] — Taylor's Amended Complaint, Dec. No. 11 along with attachments filed 10/23/2017 may be Considered and accordingly, Taylor's claims under §1983 provide[s] Sufficient inadequate medical Care denials to qualify as "a Continuing Tort where it is alleged by Taylor a Continuous harm at issue did arise from the Continuous actions of the named and identified officials ... deliberate indifference on Multiple occasions ... ". [198] —

Taylor's Cause - of - action Can be proven in the Honorable Court shewing deliberate indifference and prays to survive this ongoing attacks by Counsel of's HBC/EJM involved with a party Keith Deville in Collusion or the like on 1/17/2018 evidenced by simply examining RLCC-MR-56 which Contradicts Dec. No. 20, p. 2 and 3. [199]

Number Sixteen

Solely on Taylor's allegation (5) showing officials' deliberate indifference based sufficiently asserted. on wanton on willful acts by Deville/nichet/Singleton/Branson were "WERE" Continuous and Taylor will demonstrate to these sharp Counselor's ac/com and establish actions by their clients that Cannot be Contradicted. [201] -

The Report and Recommendation [is] Before the Court. [202] -

Part Two - Taylor's claims for Deliberate Indifference.

First of all, Taylor's civil rights claims are not barred by prescription and my Complaint and Amended Complaint Cannot be said to lack " an arguable basis in law" [203] -

Section 11. Law and Analysis

A. Standards governing the Motion to Dismiss

Taylor reasserting every word contained in (Doc. No. I, II) filed on 7/7/2017, [204] - and 10/23/2017, Defendants argued any Causes of actions that accrued before 7/6/2016 have prescribed [205] - (Doc. No. 13-1, p. 2) [206] -

(Doc. No. 57, p. 1 of 7) [207]
" Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007). [208] -

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. Rule Civ. P. 12 (b)(6) [209] -

Under the provisions of 28 U.S.C. §636 (b) (1) (C) and Fed. R. Civ. P. 72 (b), parties aggrieved by R & R have filed Doc. No. 57 on 6/25/2018 p. 1 of 7 which should "Not" "be a" basis to dismiss Taylor's Complaint. [210] -

The magistrate judge after a thorough fair and long - fundamental review recommended "Continuing - tort", the motions to because taylor's injury (still in horrific Condition today) is a Dismiss with prejudice should be denied. the motions to Doc. No. 55, p. 1 last paragraph [211] -

For the foregoing reasons, It Is RECOMMENDED that Defendants' motion's to Dismiss (Doc. No. 13), (Doc. No. 40) and (Doc. No. 42) be DENIED. [212] -

B. Standards governing Prescription. Doc. No. 55, p. 6 second paragraph [213] -

Doc. No. 55, p. 3 last paragraph; p. 4 first paragraph [214]

C. Taylor's injury is a Continuous tort; prescription has not run.

Doc. No. 55, p. 4 last paragraph; p. 5, entire page and p. 6, first paragraph. [215] -

<u>Number eighteen</u>

and Taylor sought a variety of adequate care on numerous occasions particularly, was denied on numerous occasions prior to July 6, 2016 and more had on 7/6/2016 when he discovered Deville\Michat\ (Singleton) Brunson cancelled his scheduled 7/6/2016 y- Health Hospital appointment where he had already given urologist Michelle Akin Johnson, his consent for surgical pre/cedure to relieve pressure from scrotal mass. [216] –

⌐ Doc. No. 1-2 p. 8 [217] –

Defendants' had already asthe Report and Recommendation asserted that Taylor's injury is a continuing tort because I alleged a continuing breach of the defendants' duty to provide me with adequate medical care. ABC/EJM Doc. No. 57 p. 2 last paragraph 1-3-4 [218]

ABC/EJM Doc. No. 57, p. 3, first sentence [319]

"Taylor did not receive a variety of adequate care that would have – terminated a continuing = tort" ABC/EJM Doc. No. 57, p. 3 last sentence [220] –

[Doc. No. 55 p. 5] [221] –

Taylor alleged specifically that under Dr. Mark, Singleton who was under such restraints from Burkston\ Michat/Keith, Deville that each time Taylor sought care/ sought emergency care, he received no care and was denied treatment and threatened by Singleton/Brunson to be placed in segregated lock-down. [222]

Therefore, Taylor's complaint in specificity terms, each instance of potentially, "sought care" and continuing denial without medical attention. )∵thus, continuing denial of medical care up to 7/6/2016 had Taylor's right testicle poisoned with toxins of sperm, blood, urine and every⁼ ○ ∍ came in contact with lived in the general population with all knew I had a nose = stinging = odor from the rotteness.... and, construed as a continuing = tort... Id. [223] –

General rule is not applied here as those two counselor's ABC/EJM are attempting to mislead the honorable court, again and again. [224] –

1 - No medical treatment [225]
2 - No disagreement [226] –
    simply continuing denial's of care. [227] –

"Number Nine Two"

what constitutes deliberate indifference, it should be clear that when a general practitioner Dr. Mark Singleton advised by two untrained, unconcerned, uncaring officials; a warden Deville / a brutal officer promoted as W.C.C. medical director — Mr. Michot rediagnosis of Taylor's serious medical condition who was subsequently diagnosed by five (5) specialists as of 7/10/2016 [228]

Deville says: faking / malingering. See: RLCC-MR-050 [229] —

there was continuing denial of medical care and a continuing-tort. [230] —

Taylor did not have an opportunity to engage in disagreements with medical officials' because they placed me in segregated lock-down status for 7 months and 2 days when I sought emergency care on 4/6/2015 through 11/8/2015. [231] — I couldn't void and asked (Singleton) Brunson to place me in the medical department to monitor my infection. [232] —

See RLCC-PR - 312 - Taylor pending transfer between 4/6/2015 - 11/8/2015

Denied by Deville: See: RLCC-PR-313, Protective Custody Release [233] —

Taylor alleged he was denied adequate care. Not disagree with the care received. [234] —

misstatements — Doc. No. 57, p. 4 first paragraph, line 9 [235] —

Not mere disagreement with treatment. [236] — Grossly denied emergency treatment when

Suffering from "infections after infections." [237] —

Review: Singleton and Brunson — on 7/6/2016 } denied Taylor treatment for an-
         Singleton and Michot — on 7/7/2016 } emergency. [238] —

Important Point: "they show their" "intent or "state of minds" created by them; themselves... on 7/10/2016   See: RLCC-MR-50 [239] —

And the misstatement don't require a response. further. [240] —

However, Defendants' deliberate indifference "is" "shown" further below: [241] —

• entering this door and seen by a physician and a R.N.
                                         Singleton        Brunson

who places latex gloves on their hands and visually seeing Taylor's right testicle and scrotal mass and holding their nose from the stinging odor of rottenness is not emergency treatment provided on 7/6/2016. [242] Entering the same door and seen by Singleton and michot who places latex gloves on their hands and visually seeing Taylor's right testicle and scrotal mass and holding their nose from the stinging odor. [243] — • of rottenness is not emergency treatment provided on 7/7/2016.

Taylor's alleging deliberate indifference against Dr. Mark Singleton in his Amended Complaint and Brunson/michot

(Doc. No. 11, p. 21) [244] -

☑ as alleged by Taylor ... as misstated by HBC/EJm in Doc. No. 57, p. 4, first paragraph, line 13-14 [245] on multiple visits to Dr. Singleton Taylor sought medications that were prescribed and discontinued causing infections after infections and denial of care is not disagreements en treatment rather intentionally interfering with prescribed treatment constitutes deliberate indifference under § 1983 [246] -

[Doc. No. 11, p. 22, 23, 24] [247] -

- as alleged by Taylor, Further denials are     see: Doc. No. 57, p. 4, line 15-16 [248] -
Dr. Singleton "Countermanding" or "interfering" purported in specificity terms as five (5) urologists _____ i.e., again not mere disagreements over treatment. Rather plight to obtain emergency care and Continuously denied care while dehydrated; Cramping in stomach; excruciating pain in right testicle and discovered Unconscious on the walk while inmates call for assistance to bring Taylor to medical for emergency care and was [249] - denied care. "Number Twenty". see: Doc. No. 37, date 10/20/2014 [250] -
See: Doc. No. 30 10/20/2014

as alleged by Taylor - while Taylor clearly sought care see: RLCC-MR-50 [Doc. No. 11, p. 26-27
Occasions, denial of care and emergency treatment is also plain from [251] -
a mere review of RLCC-MR-11- 279 under Deville/michot/Singleton/
Brunson denial of adequate care not disagreements/grossly inadequate care based on ... denials. [252] -
And the proximate reason's are submitted by Taylor who Contends that one page document RLCC-MR-50 conveys to the Court these characters' intent or "state of minds" at the time. [253] -
It's impossible to describe to the Court individuals state of minds but, not necessarily [254] These characters themselves Created the "smoking Gun" en
7/10/2016. [255] -
See: RLCC-MR-50 [256] -
filing on 1/17/2018 →And, that's not what these Two fancy counselor's HBC/EJm themselves are
Doc. No. 20, p. 2 last sentence; p. 3 first paragraph. [257] -

Just as (Doc. No. I and II) describes the denials on multiple occasions means that there was a Continuing denial of medical Care and thus a Continuing-tort. [258] - Doc. No. 55 p. 1 through 6 [259] -

Further review of allegations "show" inadequate Care Doc. No. 1-2, p. 5 through 9 [260] -

which Constitute acts or omissions of deliberate indifference when these defendants' knowing Taylor faced a very substantial risk of serious harm and still disregarding That risk by failing on multiple occasions to take reasonable measures to abate it. [261] 511 U.S. 825, 114 S.Ct. 1970 (1994) [262] - discussing deliberate indifference Id. at 847 [263] - See Farmer v. Brennan [264] -

- . All Taylor's vital prescribed necessary medications To Combat the pernicious ongoing infections after infections / irreversible nerve damages / excruciating pain and pain Control medications for breakthrough - pain was dis Continued by Singleton / Deville / Michot. and, subsequently, Taylor was a very fortunate individual. [265] -

L.M.C. D/B/A L.C. Board member's Money. [266] - HBC/EJm's clients discovered several ways to Cut-budgets and save

Represcribing metrin to Taylor and discontinuing all 11 vital pills. [267] -
see RLCC-MR [268] -

Doc. No. 55, p. 4 and 5 (citing Harris v. Breaud, 2018 WL 1059604, *12 (La. App 1st - Cir., 2/27/2018) , is reasserted. [269] -

Taylor's eleven prescribed medications / not three were discontinued misstatements Doc. No. 57, p. 5, first paragraph, line 6-8 [270] -

Taylor the resulting harm by discontinuing vital necessary medications as sought care and was denied. Sought emergency care and was denied because without medications the ill effects of the Continuation of denials, Continuing the breach of their duties under Deville's administration as previously asserted, there was no Constitutional protections. [271] -

when Taylor begged officials' for assistance, they'd reply. we are the assistants and threaten to lock me in segregated K-down if I didn't return to my tier. [272] - Taylor begged for help , these two officials Michot and Brunson stated we are the help... denying Care.

number Thirty-two

Counselor's #BC/EJm in their novel presentation    Doc. No. 57, p. 4, first paragraph, line 3 through 5   [273] -

they say,   Deciding against the application of the Continuing tort doctrine there, the Nottingham Court found that, "although [nottingham's] general Complaint was that he received 'inadequate' medical Care, each instance of potentially deliberate indifference ceased when he received medical attention ... [274] -

✓    Taylor's response   [↓]   received denials ... [275] -

There was a Continuing denial of medical Care, thus a Continuing tort. "Id. Furthermore, while malpractice and negligent treatment do not rise to the level of a " unnecessary Unconstitutional tort, see: [276] - Mendoza V. Lynaugh, 989 F.2d 191, 195  (5th. Cir. 1993), a claim of "unnecessary and wanton infliction of pain Repugnant to the Conscience- of mankind." Can state a claim of a  Constitutional tort. [277] - see: Mc Cormick V. Stalder, 105 F. 3d 1059, 1061 (5th. Cir. 1997) (citing Estelle, 429 U.S. at 105-106.

In Estelle, the Supreme Court concluded: [278]

Deliberate indifference to serious medical needs of prisoners Constitutes the "unnecessary and wanton infliction of pain " proscribed by the Eighth Amendment this is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. [279] Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a Cause of action under § 1983. [280]

Estelle  429 U.S. 97, 104-05, 50 L. Ed. 2d 251, 97 S. Ct. 285 (citation omitted, footnotes omitted).

Defendants claim prescription for the Complaint has run. [281] - ...
Because Taylor's injury is a  " Continuing - tort " the motion [s] to Dismiss with prejudice  should be denied. [282]

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical Care, sufficiently serious to show that " the state has abdicated a Constitutionally - required responsibility to attend to his medical needs, [283]

1:17-cv-882

p __ of __

<u>Number Twenty-three</u>

See: <u>Bienvenu V. Beauregard Parish Police Jury</u>, 705 F.2d 1457, 1460 (5th. Cir. 1983), [284] and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." [285] <u>Stewart V. Murphy</u>, 174 F.3d 530, 533 (5th. Cir. 1999) (quoting <u>Farmer</u> <u>V. Brennan</u>, 511 U.S. 825, 837, 128 L.Ed.2d 811, 114 S. Ct. 1970 (1994) [286] ' "For an official to act with deliberate indifference, "the official must both be "aware of facts from which" the inference Could "be drawn that a substantial risk" of serious harm exists, and he must also draw the inference." [287] <u>Smith</u> v. <u>Brenoettsy</u>, 158 F.3d 908, 912 (5th. Cir. 1998) (quoting <u>Farmer</u>, 511 U.S. at 837. [288]

See; this character <u>Keith Deville's</u> 1/17/2018 supporting documentation for his evidentiary support [289] <u>Doc. No. 20, p. 2 last sentence</u>, p. 3 first paragraph to examine these "102" Words in support of his 12 (b)(6) Motion to Dismiss [290] <u>Sounds good, says Taylor.</u> Until the examination of <u>RLCC-MR-50</u> the smoking gun, discovered 1/23/2018 by the plaintiff which is a Colorable showing of deliberate indifference. [291]

* In response to (every) word in <u>Doc. No. 57, p. 4</u> on these two character's HBC/ EJM's parroting a prisoner's disagreement with medical care ... <u>Doc. No. 57, p. 4, line 9 through 17</u> [292]

Again, <u>Deville</u> was aware of <u>Taylor's</u> serious Condition, acted with deliberate indifference prior to July 6, 2016; again on 7/7/2016 and thereafter through 7/12/2016 particularly of the facts from which the inference Could be drawn that a substantial risk of serious harm existed, and he did draw the inference based on Taylor's Swollen testicle and he describes to the Court 18 months later in <u>Doc. No. 20, p. 2 & 3</u> opposite what RLCC-MR-50 Convey's his intent, or state of mind at the time Taylor sought care. [293]

*number twenty four*

"Furthermore" "under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." [294] -

Reeves v. Collins, 27 F. 3d 174, 176 (5th. Cir. 1994) (Citing Farmer, 511 U.S. at 842 - & n. 8). [295] -

In this Case, Taylor alleges that the medical care denials Not disagreements of medical care regardless of How HBC/EJM are misstating while deliberately obscuring real facts of the Case, to obstruct and/or harass... plaintiff who is unrepresented [thus distorting in an] effort in bad-faith to support their argument, and Taylor avers that these Action's violated provisions of Fed. R. Civ. P. Rule 11 (b) (1), (3) & (4) as well as 28 U.S.C. §1927 as previously shown in Doc. No. 58, p. 2 (f) #17 & 18 - [296] - reiterating every word in (Doc. No. 1) and (Doc. No. 11) [297] -

Denials before 7/6/2016, as Taylor alleges No medical Care for his ruptured epididymis, pierced and punctured scrotum and mass scrotal build-up of Toxin's from sperm blood urine manifestation of rottenness which every individual offender Housed at WCC knew & suffered unimaginable pain and the Nose-stinging-odor was obvious! And these official's Cancelled my surgical procedure on 7/6/2016 was more than I could tolerate, yet, "the Harm" "Continued" as evidenced by simply reviewing RLCC=MR=50. [298] -

Daville/Michet/Singleton/Brunson all failed (Before) Taylor ever left WCC on 7/12/2016 to provide any adequate Care for this Serious Condition and them rediagnosing (Taylor) themselves on 7/10/2016 as faking/malingering Caused further delay and further ongoing Suffering even after arriving at RLCC, because of one-Dox-RLCC-MR-50. [299] -

As previously stated, scheduled surgical procedures on 10/18/2017; 12/22/2017; 4/20/2018 and on 6/15/2018 a New CD at U-Health Hospital of ultrasounds pictures showing Scrotal mass build-up of toxins is horrific! [300]

number usify - five

Taylor further alleges Dr. Mark Singleton and Nurse Brunson along with Michot who encouraged Deville who could have assisted Taylor who begged repeatedly for assistance and was denied care, locked in segregated lock-down for seven (7) months and two (2) days just because I sought emergency medical care because I couldn't void. [301] — See: RLCC-PR - 312-313-321-324 [302] —

they ignored my urgent and repeated requests for immediate care, emergency care, for the rottenness inside my testicle and my complaints and begging and crying of excruciating pain, meant nothing. [303] All of the defendants! where aware of Taylor's extensive medical file and alleged facts demonstrating their unconcerned, uncaring and disregarding my safety and health is evidenced by reviewing RLCC- MR - 540 [304] — the substantial risk to Taylor's health when they continued denying treatment or care has caused in fact permanent damages. [305] — Taylor's factual allegations should satisfy both the objective and subjective components of an Eighth Amendment claim; Taylor states a claim upon which relief may be granted. [306] —

Conclusion ... Respectfully submitted,

the Honorable Court hold that the Report and Recommendation, Doc. no. 55 on 6/11/2018, that Louisiana prescription period was tolled during the pendency of Taylor's administrative complaints and Taylor timely filed this suit in federal court within one-year or after receiving final notice that all his administrative remedies were exhausted, [307] Taylor's factual allegations state an Eighth Amendment deliberate indifference claim against each of these defendants. [308] The denials of (Doc. no. 13), (Doc. no. 40), (Doc. no. 42) be Denied, and this case is set by the Court for further proceedings. [309] — S/ Robert Taylor 10/7/20

Certificate of Service

I hereby certify that I have forwarded the foregoing document (via) U.S. postal mail to defendants' Counselor's HBC/EJM. Robert Taylor 10/7/20

cc: file) RJ HBC/EJM