**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ROBERT PAUL TAYLOR                          CIVIL ACTION NO. 1:17-CV-882 - P
      (#107070)

                                      JUDGE DRELL

V.

LASALLE MANAGEMENT COMPANY,                 MAGISTRATE JUDGE PEREZ-MONTES
ET AL

## ANSWER TO COMPLAINT AND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants, LaSalle Management Company LLC, Warden Keith Deville, Dr. Mark Singleton and Ami Brunson, who deny all allegations of the Complaint and Amended Complaint and all other filings and pleadings except for those allegations which are admitted, modified or explained and who, with respect, represent the following:

## FIRST DEFENSE

The Complaint and Amended Complaint fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Complaint and Amended Complaint does not set out federal subject matter jurisdiction.

## THIRD DEFENSE

Taylor failed to timely and/or properly initiate and/or exhaust the Administrative Remedies Procedures and/or grievance procedures as to all of his claims. Accordingly, Taylor cannot proceed with the suit.

## ANSWER TO COMPLAINT

1.

All allegations of Paragraph I of the Complaint are denied for lack of sufficient information upon which to base a belief.

2.

All allegations of Paragraph II of the Complaint are denied for lack of sufficient information upon which to base a belief.

3.

All allegations of Paragraph III of the Complaint are denied, except to admit Taylor has listed the names of various persons and/or alleged legal entities.

4.

All allegations of Paragraph IV of the Complaint are denied.

5.

All allegations of Paragraph V of the Complaint are denied.

6.

All allegations of Paragraph 1 of the Complaint are denied.

7.

All allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information upon which to base a belief.

8.

All allegations of Paragraph 3 of the Complaint are denied.

9.

All allegations of the Paragraph entitled "Relevant Facts" of the Complaint are denied.

10.

All allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information upon which to base a belief, except to admit that Taylor was incarcerated at Winn Correctional Center.

11.

All allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information upon which to base a belief.

12.

All allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information upon which to base a belief.

13.

All allegations of Paragraph 7 of the Complaint are denied.

14.

All allegations of Paragraph 8 of the Complaint are denied.

15.

All allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information upon which to base a belief.

16.

All allegations of Paragraph 10 of the Complaint are denied.

17.

All allegations of Paragraph 11 of the Complaint are denied.

18.

All allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information upon which to base a belief.

19.

It is admitted that Taylor was provided medical care, which medical care is set out in written reports, which are the best evidence of their contents.  All other allegations of Paragraph 13  of the Complaint are denied.

20.

All allegations of Paragraph 14 of the Complaint are denied, except to admit that Taylor received medical care and treatment.

21.

It is admitted that Taylor was provided medical care, which medical care is set out in written reports, which are the best evidence of their contents.  All other allegations of Paragraph 15 of the Complaint are denied.

22.

All allegations of Paragraph 16 of the Complaint are denied.

23.

All allegations of Paragraph 17 of the Complaint are denied.

24.

All allegations of Paragraph 18 of the Complaint are denied.

25.

All allegations of Paragraph 19 of the Complaint are denied.

26.

All allegations of Paragraph 20 of the Complaint are denied.

27.

All allegations of Paragraph 21 of the Complaint are denied.

28.

All allegations of Paragraph 22 of the Complaint are denied.

29.

All allegations of Paragraph 23 of the Complaint are denied.

## ANSWER TO AMENDED COMPLAINT

30.

All allegations of Paragraph I of the Amended Complaint [Doc. No. 11] are denied for lack of sufficient information upon which to base a belief.

31.

All allegations of Paragraph II of the Amended Complaint [Doc. No. 11] are denied for lack of sufficient information upon which to base a belief.

32.

All allegations of Paragraph III of the Amended Complaint [Doc. No. 11] are denied, except to admit Taylor has listed the names of various persons and/or alleged legal entities.

33.

All allegations of Paragraph IV of the Amended Complaint [Doc. No. 11] are denied.

34.

All allegations of Paragraph V of the Amended Complaint [Doc. No. 11] are denied.

35.

Attached to the Amended Complaint are a mix of handwritten documents as well as reports and records provided to Taylor as required by the Memorandum Order. [Doc. No. 10]. To the extent the written documents are unmodified by Taylor, then it is admitted that those documents were provided to him and are the best evidence of their contents. Any and all handwritten notations, modifications or other changes made to those documents are denied.

36.

Further answering the allegations of the Amended Complaint, Defendants deny all opinions and observations made by Taylor concerning his medical care and treatment contained in Doc. No. 11 pp 6-31 and reiterate that Taylor's care and treatment is documented in numerous reports which are the best evidence of their contents.

37.

Defendants deny all allegations of fault, deliberate indifference and any and all other claims for liability contained in the Amended Complaint. [Doc. No. 11, pp. 6-31].

38.

It is admitted that Taylor received medical care and prescriptive medication, all of which is described in written documents, which are the best evidence of their contents.

39.

All other allegations made by Taylor in the Amended Complaint [Doc. No. 11, pp. 6-31] and in any notations on any of the documents are denied.

## FOURTH DEFENSE

Defendants aver that Taylor's claims made under 42 U.S.C. § 1983, et seq., will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorneys' fees.

## FIFTH DEFENSE

Defendants aver that, at all times herein, their actions were reasonable, justified, and legally permissible under the circumstances.

## SIXTH DEFENSE

All claims made by Taylor are prescribed.

## SEVENTH DEFENSE

All individual Defendants plead that they are entitled to qualified immunity. (See Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L. Ed.2d 540 (1997), and dissent of Justice Scalia, Filansky v. Delia, 566 U.S. 377, 132 S.Ct. 1657, 182 L.Ed.2d 662 (2012) and, Saenz v. G4S Secure Solutions, 224 F.Supp 3d 477 (W.D. Tex 12/20/16). )

WHEREFORE, Defendants, LaSalle Management Company LLC, Warden Keith Deville, Dr. Mark Singleton and Ami Brunson, pray that:

(1)    This Answer be deemed good and sufficient;

(2)    After due proceedings are had, there be judgment herein dismissing plaintiff's claims, at his costs;

(3)    For all costs herein, including reasonable attorneys' fees;

(4)    Any Judgment rendered herein be reduced by the fault of all third parties;

(5)    That plaintiff's claims be declared frivolous; and

(6)     For all other just, general and equitable relief.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P.O. Drawer 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650

ATTORNEYS FOR DEFENDANTS,
LASALLE MANAGEMENT COMPANY LLC,
WARDEN KEITH DEVILLE, DR. MARK
SINGLETON AND AMI BRUNSON

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 9th day of October, 2018, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

Plaintiff,
Robert Paul Taylor
through his attorney of record,
Oliver Benford Hadley
Oliver Hadley Law
303 S. Broad Street
New Orleans, Louisiana 70119
P: 504.641-4529; F: 504/681-9595
E: obh@ohadleylaw.com

I further certify that I have forwarded the foregoing document via first-class mail to the following non-CM/ECF participant: NONE

    /s/ H. Bradford Calvit
    H. BRADFORD CALVIT