c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT PAUL TAYLOR, Plaintiff | CIVIL ACTION NO. 1:17-CV-00882 |
| VERSUS | JUDGE DRELL. |
| LASALLE MANAGEMENT CO., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court are (1) a "Motion for Leave to File Amending Pleadings to Add Defendant's Insurance Companies" ("Motion to Amend") (ECF No. 102) and (2) a "Motion for Extension of Time to Plead, Part II of III" ("Motion for Extension") (ECF No. 119), filed by *pro se* Plaintiff Robert Paul Taylor ("Taylor").[1] Defendants Warden Keith Deville ("Deville"), Dr. Mark Singleton ("Singleton"), Ami Brunson ("Brunson"), and Lasalle Management Company, L.L.C. ("LMC") (collectively, "Defendants") oppose Taylor's motions. ECF Nos. 103, 125.

Because Taylor failed to attach a proposed amended complaint as required by Local Rule 7.6, because Taylor's proposed amendments are futile, and because Taylor seeks to add unnecessary factual allegations which would cause undue prejudice, Taylor's Motion to Amend (ECF No. 102) should be DENIED. Because Taylor has failed to show good cause to extend the scheduling order deadlines that have expired,

---

[1] Taylor also filed an "Extension of Time to Plead, Part III" (ECF No. 123), a Motion for Evidentiary Hearing (ECF No. 127), and a "Motion Authorizing Judicial Review" (ECF No. 129). These motions will be resolved by separate order(s).

1

and because an amendment to the pleadings at this stage would cause undue prejudice, Taylor's Motion for Extension (ECF No. 119) should be DENIED.

I. **Background**

On July 7, 2017, Taylor filed a civil rights complaint (42 U.S.C. § 1983), *in forma pauperis*. ECF No. 1. At the time of filing, Taylor was an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Taylor claims he was denied adequate medical care at WCC in violation of the constitution. ECF No. 1. Taylor named as Defendants Deville, Burton Michet ("Michet"), Singleton, Daniel Marr ("Marr"), Brunson, LMC, and WCC.[2] *Id.*

Taylor was examined at the university hospital in Shreveport, Louisiana for medical diagnosis and treatment. ECF No. 1-2 at 5. Taylor allegedly suffered a ruptured epididymis and pierced scrotum as a result of excessive force by officers in New Orleans. ECF No. 1-2 at 4. Taylor alleges he also suffers from hypertension, urinary blockage, and a scrotal mass, all of which cause him pain. ECF No. 1-2 at 5.

Taylor was incarcerated at WCC from February 17, 2014 until July 12, 2016. ECF No. 1-2 at 3. Taylor asserts that once he arrived at WCC, Defendants intentionally denied and delayed his medical treatment. ECF No. 1-2 at 5. Taylor's claims his medications – Bactrim and Flomax – were discontinued. *Id.* Additionally,

---

[2] On the Court's form for prisoner § 1983 civil rights complaints, Taylor originally listed Defendant LMC/WCC "and their Insurance Carrier, respectively." ECF No. 1 at 3. However, he did not name an "insurance carrier" in his attached written Complaint. ECF No. 1-2 at 1-2. Taylor did, however, allege he has been refused the name of Defendants' insurance carrier. ECF No. 11 at 28.

2

Defendants refused to provide Neurontin, which was recommended for nerve damage. ECF No. 1-2 at 7.

Taylor's follow-up appointments with the urologist were cancelled. ECF No. 1-2 at 5. Taylor also indicates that a surgical procedure was cancelled. ECF No. 1-2 at 8. Taylor alleges Brunson told him that he could not receive the medications or further treatment due to budget concerns. ECF No. 1-2 at 6. Taylor also alleges that Marr, Brunson, and Michet informed him the prescriptions were not corporate-approved and would be discontinued because of budget cuts. ECF No. 1-2 at 9.

Taylor complains that he still suffers from a swollen right testicle, which has worsened since the discontinuation of his medications. ECF No. 1-2 at 6. Taylor experiences "continuous burning and throbbing sensation and pain in his right testicle." ECF No. 1-2 at 9.

On October 23, 2017, Taylor amended his Complaint, incorporating his original allegations in full. ECF No. 11 at 26. Taylor also alleges he received a September 27, 2017 diagnosis and surgical recommendation by a urologist supporting his assertions of inadequate medical treatment. ECF No. 11 at 6. Taylor attached and included additional allegations regarding his medical treatment and records. ECF No. 11. Taylor asserts Defendants were deliberately indifferent to his medical needs up until his transfer on July 12, 2016 to Raymond Laborde Correctional Center ("RLCC"). ECF No. 11 at 13-20. Taylor asserts he seeks "100% . . . policy claims

against each individual defendant and their Insurance Carrier," along with compensatory and special damages. ECF No. 11 at 31.[3]

Upon initial review of Taylor's *pro se* Complaint (ECF No. 1), the Court issued a Memorandum Order (ECF No. 10) directing that the parties had 60 days following the filing of Defendants' answers to complete all appropriate discovery. ECF No. 10 at 3. Defendants were also ordered to provide to Taylor all medical records, warden's unusual occurrence reports, and any other documents pertinent to the case, including medical records from outside treatment providers. ECF No. 10 at 4. On December 18, 2017, Defendants provided WCC records. ECF Nos. 17, 18. On January 19, 2018, Defendants provided RLCC Prison Records and Medical Records. ECF Nos. 21, 22.

On February 8, 2018, Taylor filed a Motion for Pretrial or Scheduling Conference, Motion to Begin Discovery (ECF No. 26), a Motion for Sanctions (ECF No. 27), and a Motion to Compel Discovery (ECF No. 28). On March 2, 2018, the undersigned denied Taylor's Motion for Pretrial or Scheduling Conference, Motion to Begin Discovery (ECF No. 26) and denied his Motion for Sanctions (ECF No. 27). ECF No. 32. The undersigned, however, granted in part, Taylor's Motion to Compel (ECF No. 28), and ordered Defendants to produce Taylor's medical records from outside treatment providers. ECF No. 32. On March 23, 2018, Defendants provided Taylor's medical records from Winn Parish Medical Center. ECF Nos. 37, 38. On

---

[3] Taylor also noted that he filed a separate lawsuit in the United States District Court for the Eastern District of Louisiana, C.A. No. 14-cv-1972, against the New Orleans Police Department for the actual cause of his "ruptured epididymis." ECF No. 11 at 1. Taylor asserts that action was scheduled for bench trial on June 9, 2016 but was dismissed after he accepted settlement. *Id.*

4

May 22, 2018, Defendants provided Taylor's medical records from University Medical Center. ECF Nos. 50, 51. On May 21, 2019, Defendants provided Taylor's medical records from University Health – Shreveport. ECF Nos. 100, 101.

Through the period of ongoing discovery disputes, Defendants sought dismissal under Fed. R. Civ. P. 12(b)(6), asserting that Taylor's state and federal claims had prescribed. ECF Nos. 13, 40, 42. On August 13, 2018, the district judge adopted the undersigned's Report and Recommendation (ECF No. 55) and denied Defendants' motions. ECF No. 60. Defendants answered the Complaint (ECF No. 1) and Amended Complaint (ECF No. 11), asserting various affirmative defenses. ECF No. 67. On February 15, 2019, on Taylor's Joint/Voluntary Motion to Dismiss (ECF No. 80), the Court ordered Defendants Marr, Michet, and WCC dismissed without prejudice. ECF No. 85.

Taylor filed multiple motions and responses, again regarding the production of discovery by Defendants. ECF Nos. 82, 87, 88, 89. On April 9, 2019, at a telephone motion hearing, the undersigned denied Taylor's request for sanctions (ECF No. 87), and the attorney for Defendants was asked to submit a Plan of Work. ECF No. 95.

On April 29, 2019, the Court granted the parties proposed Plan of Work, setting forth the Scheduling Order deadlines. ECF No. 97. The final date for adding insurance defendants was June 30, 2019. *Id.* The date for adding parties had already expired and the parties were unable to agree on a final date for filing amended pleadings. *Id.* The deadline for completion of discovery was August 1, 2019. *Id.*

On June 25, 2019, Taylor filed this Motion to Amend (ECF No. 102), seeking to add new Defendants The Princeton Excess and Surplus Lines Insurance Company ("Princeton"), Hub International Licensed Surplus Lines Producer ("Hub"), and Mounts Claim Services, L.L.C. ("Mounts") (third-party administrator ("TPA")), as the insurers for LMC, Deville, Singleton, and Brunson. ECF No.102 at 1-2. Taylor also seeks to add new Defendant Billy McConnell ("McConnell"), as owner of LMC. ECF No. 102 at 2. Defendants oppose to the extent Taylor seeks to add McConnell, a non-insurance party, after the deadline, and to the extent Taylor seeks to add any new claims or any parties other than as alleged insurers of current parties. ECF No. 103 at 2-3.

Taylor has filed multiple responses and objections taking issue with the Court allowing Defendants' extensions to respond to discovery. ECF Nos. 117, 118, 119, 123, 127. However, the Court cannot determine whether Taylor is seeking extensions to discovery or to amend the pleadings. Taylor writes his own document numbers at the top of his filings, which are inconsistent with those reflected on the docket. This makes it even more difficult to decipher Taylor's filings or the documents to which he is referring.

Taylor filed a Motion for Extension. ECF No. 119. Although it is not apparent from his motion, it appears Taylor takes issue with extensions granted by the undersigned at a telephone hearing on October 8, 2019.[4] ECF No. 119, p. 1. However,

---

[4] On July 26, 2019, Taylor filed a Motion to Compel Defendants' Responses to Production of Documents. ECF No. 105. On October 2, 2019, Taylor filed a Motion/Subpoena Duces Tecum for the New Orleans Parish Sheriff to have Taylor available for a telephone conference. ECF No. 110. Oral argument was held on October 8, 2019. ECF No. 113. The Court denied as

Taylor also states he was considering amending his Complaint to reflect his medical diagnosis and that he was unable to agree to the final date for filing amended pleadings. ECF No. 119 at 1-2. Taylor contends that he was unable to obtain Defendants' cooperation with discovery, and mentions issues with concluding discovery and depositions. ECF No. 119 at 3. Taylor asserts he was not provided the record with his medical diagnosis until May 21, 2019. ECF No. 119 at 1. It appears Taylor seeks to amend the Scheduling Order. *Id.* Defendants oppose. ECF No. 125.

## II.  Law and Analysis

### A.  Standards governing the Motion to Amend.

Fed. R. Civ. P. 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir.

---

moot Taylor's Motion/Subpoena Duces Tecum (ECF No. 11). The Court denied in part Taylor's Motion to Compel for the reasons stated on the record. ECF No. 113. The Court ordered Defendants to provide or supplement discovery responses "to Doc. 105-1, Exh. C, and as otherwise specified on record, within 21 days." *Id.* Defendants sought an extension of an additional 21 days to respond to Taylor's discovery requests. ECF No. 115. The Court granted Defendants until November 21, 2019 to respond to Taylor's discovery. ECF No. 116.

2009) (citation omitted). Granting leave to amend, however, is not required if the plaintiff has already pleaded his "best case." *Brewster*, 587 F.3d at 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).

Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). In addition, where a court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

Moreover, the more lenient standard of Rule 15(a) does not apply if an amendment would require the modification of a previously entered scheduling order. *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citing *S & W Enters, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rather, Rule 16(b) governs the amendment of pleadings "after a scheduling order's deadline to amend has expired." *Filgueira*, 734 F.3d at 422 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

Under Fed. R. Civ. P. 16(b)(3)(A), the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Under Fed. R. Civ. P. 16(b)(4), a schedule may be modified only for good cause and with the judge's consent. When the deadline to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under Rule 16(b)(4)'s good cause standard before determining whether denial is appropriate under Rule 15. *See S&W Enters., L.L.C.*, 315 F.3d at 536. The Court has broad discretion to preserve the integrity and purpose of the pretrial order. *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 239 (5th Cir. 2015) (citing *S&W Enters., L.L.C.*, 315 F.3d. at 535) (internal quotation marks and citation omitted).

A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira*, 734 F.3d at 422 (citing *Fahim*, 551 F.3d at 348) (internal citations omitted). If a party shows good cause for missing the deadline, then the "more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id.* There are four factors relevant to a determination of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Filgueira*, 734 F.3d at 422 (quoting *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333 (5th Cir. 2012)) (*see also United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 358 (5th Cir. 2016) (quoting *S&W Enters, L.L.C.*, 315 F.3d at 536)).

### B. Taylor's Motion for Extension (ECF No. 119) should be DENIED.

Taylor seeks "an extension of time to pleadings of an extraordinary nature." ECF No. 119. It is difficult to ascertain what extension Taylor seeks from his motion. However, he appears to allege a discovery dispute prevented him from amending his Complaint until records reflecting his "medical diagnosis" were provided on May 21, 2019. ECF No. 119 at 1.[5] However, for the reasons discussed below, Taylor's motion should be DENIED.

### C. Taylor's Motion to Amend (ECF No. 102) should be DENIED.

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) "evinces a bias in favor of granting leave to amend," the Court is entrusted with the discretion to deny a motion to amend if it is futile. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.*

Taylor has amended his Complaint once already and more than 21 days have elapsed since an answer was served. ECF No. 11. Thus, Taylor is no longer permitted to amend without leave of court. Fed. R. Civ. P. 15(a)(1). An amendment is futile if

---

[5] Taylor filed multiple other motions regarding the Court granting Defendants' extension to respond to discovery on October 28, 2019. ECF Nos. 123, 127, 129. However, Defendants assert that issue is moot as the remaining discovery has now been provided to Taylor. ECF No. 125 at 4. The Court has on multiple occasions through telephone conferences and telephone hearings advised Taylor that he must comply with the Federal Rules of Civil Procedure when conducting discovery. The Court has also previously instructed Taylor to be as specific and clear as possible with his discovery requests, which have contributed to the confusion and delay in this case. Through separate order(s), the Court will rule on Taylor's discovery-related motions (ECF Nos. 123, 127, 129), which overlap and are repetitive with this Motion for Extension (ECF No. 115).

it would not survive a Rule 12(b)(6) motion to dismiss. *Stripling*, 234 F.3d at 873; *accord Fenghui Fan*, 377 Fed.Appx. at 367.

Here, the Scheduling Order provides that: (1) the final date for adding insurance defendants was June 30, 2019; (2) the final date for adding other parties is expired; and (3) the parties were unable to agree on a final date for filing amended pleadings. ECF No. 97.

As has been the case throughout this action, Taylor's filings are difficult to read and understand, and repetitive. On June 25, 2019, Taylor filed a Motion for Leave (ECF No. 102) and Memorandum in Support (ECF No. 102-1). Taylor seeks to add Princeton, Hub, and Mounts as "insurers" of current Defendants LMC, Deville, Singleton, and Brunson. ECF No. 102. Taylor maintains the counts and allegations against the same defendants as stated in his original and amended complaint. ECF No. 102-1 at 8. Taylor seeks to add McConnell, an alleged owner of LMC, as a new individual defendant. ECF No. 102 at 2. He also seeks to add new allegations of a "newly discovered diagnosis on 4/19/2019." *Id.* Defendants tacitly do not oppose Taylor's addition of Princeton, Hub, and Mounts as insurer defendants. ECF No. 103 at 2-3. However, Defendants oppose any amendment to add McConnell or a new cause of action. ECF No. 103 at 3-10.

To the extent Taylor seeks to add insurer defendants prior to the deadline of June 30, 2019, Taylor's motion is timely. However, Taylor does not attach a proposed amended complaint to his motion, as required by Local Rule 7.6 of the Western District of Louisiana. Any motion for leave to amend must be accompanied by a

11

proposed order, a statement that the party has presented the proposed amendment or pleading to all parties and whether any party opposes the amendment, and the proposed pleading for which leave to file is sought. W.D. La. L.R. 7.6. A litigant's *pro se* status will not excuse his failure to follow procedural rules. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

The Court can only assume that Taylor's proposed amendments would be consistent with his assertions in his motion (ECF No. 102) and accompanying memorandum (ECF No. 102-1). Taylor seeks to name the current Defendants' insurer (Princeton), surplus lines producer (Hub), and third-party administrator (Mounts). ECF No. 102 at 1. However, the Court cannot ascertain without a proposed amendment whether Taylor's allegations against the proposed "insurer" defendants would survive a motion to dismiss or is futile. To the extent Taylor's motion (ECF No. 102) and memorandum (ECF No. 102-1) could be construed as a proposed amended complaint, Taylor fails to state a claim for relief against the proposed insurer defendants Princeton, Hub, or Mounts. Therefore, to the extent he seeks to add Princeton, Hub, or Mounts, Taylor's Motion to Amend (ECF No. 102) should be DENIED.

Taylor also seeks to add McConnell as a new individual defendant, outside of the deadline to add other parties. ECF Nos. 98, 102. Taylor seems to argue Rule 16(b) does not apply to his request to add McConnell. ECF No. 102-1 at 6. However, the deadline for adding new parties, other than "insurer" defendants, has expired. ECF No. 97. Taylor does not assert McConnell is an "insurer." Thus, Taylor must

establish "good cause" to amend the scheduling order under Fed. R. Civ. P. 16(b). *See S&W Enters., L.L.C.*, 315 F.3d at 536.

Defendants oppose Taylor's motion to the extent he seeks to add McConnell as an individual rather than an insurer and to the extent Taylor seeks to add any entities other than as alleged insurers of current parties. ECF No. 103 at 2-3.

Taylor contends he "recently learned the identity of Billy McConnell, as the owner of [LMC]." ECF No. 102-1 at 6. Otherwise, Taylor provides no other allegations against McConnell. It appears Taylor alleges "good cause" based on "significant newly discovery medical evidence and factual and procedural developments." ECF No. 102-1 at 7. However, there are no other allegations pointing to "good cause" to add a new individual defendant. Taylor fails to show good cause to revise the Court's scheduling Order.

Even if he established "good cause," Taylor fails to provide a proposed amended complaint in compliance with W.D. La. L.R. 7.6. If the Court construes Taylor's motion (ECF No. 102) and memorandum (ECF No. 102-1) as his proposed amended complaint, Taylor fails to provide any allegations against McConnell other than to allege he is an owner of LMC.[6] ECF Nos. 102 at 2, 102-1 at 6. Therefore, the Court cannot ascertain without a proposed pleading the importance of the amendment or the potential prejudice in allowing the amendment because it is not entirely clear what additional allegations Taylor's proposed amendment will contain.

---

[6] LMC is a L.L.C. Taylor has not indicated why he seeks to add – nearly two years after filing suit – an individual member owner of this L.L.C., and he does not provide any allegations indicating McConnell has any personal involvement in the original allegations.

In response to the Defendants' opposition, Taylor states he could not meet any deadline despite his diligence. ECF No. 104 at 9. However, Taylor seemingly admits he has known of McConnell's identity since April 22, 2019.[7] ECF No. 104 at 7. Taylor points to disputes over written discovery and depositions but fails to explain why McConnell was not or could not be added despite knowing his identity. Taylor implies he is asserting an Eighth Amendment violation and negligence claim against McConnell. ECF No. 104 at 9. However, Taylor argues LMC employed Singleton and is liable under the theory of respondeat superior as his employer. ECF No. 104 at 10. Taylor does not explain the importance of adding McConnell, a member of an L.L.C. (LMC), as a new defendant.

Although Taylor did not establish "good cause" – and even construing Taylor's motion (ECF No. 102) and memorandum (ECF No. 102-1) as a proposed amended complaint and most favorably to Taylor – Taylor's proposed amendment is futile as it fails to state a claim for relief against McConnell. Therefore, to the extent he seeks an untimely amendment to add McConnell, Taylor's Motion to Amend (ECF No. 102) should be DENIED.

It is not clear whether Taylor also seeks to amend to add a new cause of action. However, he frequently mentions a "newly discovered diagnosis on 4/19/2019." ECF No. 102-1 at 1. Taylor argues "good cause" to amend to include the "newly discovered medical diagnosis on 4/19/2019." ECF No. 102-1 at 7. Taylor further argues that allowing the amendment will not prejudice defendants and that his amendment is

---

[7] Other filings indicate he knew of McConnell's identity as early as January of 2019. ECF No. 119 at 3.

14

"narrowly tailored." *Id.* Taylor suggests that his proposed amendment "sets forth a new claim that the 4/19/2019 diagnosis has conveyed life altering injuries." ECF No. 102-1 at 8. Taylor asserts in his motion that he was diagnosed with "microscopic hematuria spermatocele" on 4/19/2019 by "LCMC Health." ECF No. 102-1 at 1. Additionally, Taylor discusses his medical treatment, presumably in support of his claim that Singleton was "deliberately indifferent" to his medical needs. ECF No. 102-1 at 2.

The Scheduling Order (ECF No. 97) does not provide for a deadline to file amended pleadings. However, granting leave to amend would require the court to modify the Scheduling Order (ECF No. 97). Therefore, the more lenient standard of Rule 15(a) does not apply if an amendment would require the modification of a previously entered scheduling order. *See Filgueira*, 734 F.3d at 422 (citing *S & W Enters, L.L.C.*, 315 F.3d at 535).

Again, Taylor fails to provide his proposed amendment in compliance with W.D. La. L.R. 7.6. Construing Taylor's motion (ECF No. 102) and memorandum (ECF No. 102-1) as a proposed amendment, Taylor does not set forth a new cause of action or claim. The Court can only presume Taylor seeks to add allegations of medical treatment and recommended treatment plans ignored by Singleton. ECF No. 102-1 at 2. There is no indication that Taylor is asserting that on the alleged April 19, 2019 date any named defendants again denied treatment thus asserting a new cause of action.

Instead, Taylor seemingly attempts to bolster his deliberate indifference claims with additional allegations regarding his medical records. Taylor need not cite every fact of his medical treatment in his Complaint in support of his deliberate indifference claims against Defendants. To that end, an amendment is not required or necessary. The Court could consider such records as evidence in support of his claims against Singleton. Additionally, discovery has been extensive, regularly requiring the Court's intervention. All deadlines except for filing dispositive motions have expired. ECF No. 97. Although there is no showing of Taylor's undue delay or bad faith, the prejudicial effect of allowing an unnecessary amendment at this stage of the proceedings – more than two years after filing suit and after the parties have engaged in drawn-out discovery – weighs against the importance of allowing the amendment. Taylor's motion to add the additional factual allegations regarding his April 19, 2019 diagnosis should be DENIED.

### III. Conclusion

Because Taylor fails to attach a proposed amended Complaint; because Taylor fails to provide any specific allegations against proposed new defendants other than their identity; because Taylor seeks to add unnecessary factual allegations to his Complaint which would cause undue prejudice; because Taylor fails to show "good cause" to amend the Scheduling Order (ECF No. 97) deadlines that have expired; and because an amendment to the pleadings at this stage would cause undue prejudice;

IT IS RECOMMENDED that Taylor's Motion to Amend (ECF No. 102) be DENIED.

IT IS FURTHER RECOMMENDED that Taylor's Motion for Extension (ECF No. 119) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 3rd day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE