UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT PAUL TAYLOR, Plaintiff | CIVIL DOCKET NO. 1:17-CV-882-P |
| VERSUS | JUDGE DRELL |
| LASALLE MANAGEMENT COMPANY, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

*Pro se* Plaintiff Robert Paul Taylor ("Taylor") (#107070) filed suit under 42 U.S.C. §1983 complaining that he was denied adequate medical care at Winn Correctional Center in Winnfield, Louisiana ("WCC"), in violation of the United States Constitution.

Federal courts possess the inherent power "'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Obama v. United States*, No. 3:09–CV–2260, 2010 WL 668847, 2010 U.S. Dist. LEXIS 16927 at *5 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

"Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice."

*Gardner v. Shreve Mem'l Library*, 14-CV-0456, 2014 WL 1315077 at *2 (W.D. La. Mar. 27, 2014) (citing *Martin v. Dist. of Columbia Court of Appeals*, 113 S.Ct. 397, 398 (1992)). "A court 'may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice.'" *Gardner*, 2014 WL 1315077 at *2 (citing *Goldgar v. Office of Administration*, 26 F.3d 32, 36 n.3 (5th Cir. 1994). "Among the available sanctions is a requirement that a litigant 'obtain judicial pre-approval of all future filings.'" *Id.*

Furthermore, Congress enacted the Prison Litigation Reform Act ("PLRA") to deter frivolous prisoner litigation by instituting economic costs for prisoners to file suit. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (citing *Lyon v. Krol*, 127 F.3d 763, 864 (8th Cir. 1997)). Citing the PLRA, a District Judge in this Court recently issued an order requiring a *pro se* plaintiff to obtain leave of court prior to filing any future motions in his pending case in order to "deter [plaintiff's] frequent, duplicative, and unnecessary filings." *See* 2:18-CV-0692, ECF No. 128; *see also* 1:17-CV-1623, ECF No. 231. The Court finds such an Order necessary and appropriate in this case.

Taylor has filed at least 14 motions and notices in less than four months (ECF Nos. 123, 127, 129, 132, 138, 139, 140, 144, 156, 170, 171, 172, 173, 174), nine of which are motions that remain pending (Nos. 123, 127, 129, 132, 138, 139, 140, 144, 156). Taylor has filed approximately 75 pages of handwritten, single-spaced "reports" (ECF Nos. 170, 171, 172), as well as dozens of "exhibits" (ECF Nos. 172, 174).

Because Taylor has filed excessive motions and notices, IT IS ORDERED that, prior to filing any additional pleadings in this case not specifically ordered by the Court, Taylor must file a motion for leave of court, attach a copy of the proposed pleading, and explain why the pleading is necessary. The Clerk of Court will construe future filings as motions for leave of court.

Taylor is warned that a violation of this Order may result in additional sanctions, including, but not limited to, monetary sanctions under Rules 11 or 37 of the Federal Rules of Civil Procedure and/or this Court's inherent authority, or dismissal of his suit. Taylor is also cautioned that excessive motions for leave, frivolous motions, or unnecessary motions of other kinds could result in the imposition of sanctions.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE