UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT PAUL TAYLOR, Plaintiff | CIVIL DOCKET NO. 1:17-CV-882-P |
| VERSUS | JUDGE DRELL |
| LASALLE MANAGEMENT COMPANY, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a motion entitled "§ 1081.205 - Non-Dispositive Motions – Written Memorandum in Support" (ECF No. 144) and a Motion to Compel (ECF No. 156) filed by *pro se* Plaintiff Robert Paul Taylor ("Taylor") (#107070). Defendants Warden Keith Deville ("Deville"), Dr. Mark Singleton ("Singleton"), Ami Brunson ("Brunson"), and Lasalle Management Company, L.L.C. ("LMC") (collectively, "Defendants") oppose Taylor's motions. ECF Nos. 154, 175.

Because Taylor has provided no good cause for extending the discovery deadline and has failed to show inadequacies in the discovery responses, his Motions (ECF Nos. 144, 156) are DENIED.

I.  Background

On July 7, 2017, Taylor filed a civil rights Complaint (42 U.S.C. § 1983), *in forma pauperis*. ECF No. 1. At the time of filing, Taylor was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Taylor claims he was denied adequate medical care at WCC in violation of the United States Constitution. ECF No. 1.

In both motions (ECF Nos. 144, 156) Taylor complains that Defendants' responses to discovery are incomplete or vague. In his first motion (ECF No. 144), Taylor also asks to propound additional discovery to Deville and Singleton. ECF No. 144 at 1-2.

## II. Law and Analysis

Taylor complains that certain hospital records were not provided to him prior to the depositions of Deville and Singleton in April, 2019. ECF No. 144-2 at 2. According to Defendants, Taylor signed the medical authorization form on April 22, 2019, and the documents were provided to him the following month. ECF No. 154. Nonetheless, Taylor now asks that he be allowed to supplement the depositions with additional discovery questions, presumably based on the medical records.

As Defendants point out, Taylor could have obtained his own medical records. *See* ECF No. 154 at 4. Regardless, the discovery deadline lapsed on August 1, 2019. ECF No. 98. Once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Specifically, courts consider four factors in determining whether to allow a scheduling modification for good cause under Rule 16(b): (1) the explanation for the failure to complete discovery on time; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012).

Taylor does not identify what questions surfaced after he received copies of his medical records that he was unable to ask at the depositions in April 2019, nor does he indicate the importance of these questions.  Additionally, Taylor does he explain why he failed to raise the supplemental questions through written discovery prior to the expiration of the discovery deadline in August.  Taylor simply provides no good cause for extending the discovery deadline so he can propound additional questions to Deville and Singleton.

Taylor also complains that the responses to discovery provided by Deville following the telephone hearing are inadequate.  Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to respond to discovery requests.  *See* Fed. R. Civ. P. 37(a)(3)(B).  For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

A motion to compel must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and the Local Rules for the Western District of Louisiana.  Taylor claims that he made a good faith effort to confer, and Defendants claim that no such effort was made.   ECF Nos. 144, 154.

The Local Rules also require a movant to provide the Court with a copy of the qustions and responses in dispute. *See* L.R. 26.6, 33.2, 36.1. Taylor failed to comply with these Local Rules. ECF Nos. 144, 156.

In his first motion (ECF No. 144), Taylor fails to identify which written answers from Deville he deems incomplete, and he does not specify what information he believes should be supplemented. In fact, Taylor has not described any deficiencies in the responses other than his conclusion that the responses are "vague." ECF No. 144 at 2. Without more, the motion must be denied.

In his second motion (ECF No. 156), Taylor complains that he did not receive certain video footage in response to a discovery request. Defendants provided a copy of Taylor's request for "any photographs, video tapes depicting any surveillance images for the dates between 10-1-2015 through 7-12-2016 and any tape recordings of all administrative reports between 4-6-2015 and 11-8-2016." Defendants' Response, ECF No 175. Defendants objected to the request because it seeks information not relevant or reasonably calculated to lead to relevant, admissible evidence; it is overly broad; and the request was disproportionate to the needs of the case. ECF No. 175 at 5. Specifically, Defendants pointed out that "the media requested, if in existence, necessarily will include depictions of numerous individuals and situations not related to the Plaintiff's claims in any way." *Id.* Notwithstanding, Defendants noted that any video footage from those dates has been overwritten by now pursuant to the normal course of business. ECF No. 175 at 5.

In a motion to compel production of discovery, the moving party bears the burden of showing that the information sought is relevant and would lead to admissible evidence. *Jones v. Circle K Stores, Inc.*, 16-CV-691, 2017 WL 4918520, at *2 (M.D. La. Oct. 31, 2017); *Wymore v. Nail*, 5:14-CV-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016); *Expert World, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Taylor has not met his burden, as he does not show how the video surveillance at issue is relevant to his medical care claim or would lead to admissible evidence regarding that claim.

### III. Conclusion

Because Taylor provides no good cause for extending the discovery deadline and has not established inadequacies in the discovery responses, IT IS ORDERED that Taylor's Motions (ECF Nos. 144, 156) are DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 6th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE