a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT PAUL TAYLOR, Plaintiff | CIVIL DOCKET NO. 1:17-CV-882-P |
| VERSUS | JUDGE DRELL |
| LASALLE MANAGEMENT COMPANY, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is a "Motion for Evidentiary Hearing" (ECF No. 127) and a "Motion Authorizing Judicial Review" (ECF No. 129) filed by *pro se* Plaintiff Robert Paul Taylor ("Taylor") (#107070). Defendants Warden Keith Deville ("Deville"), Dr. Mark Singleton ("Singleton"), Ami Brunson ("Brunson"), and Lasalle Management Company, L.L.C. ("LMC") (collectively, "Defendants") oppose Taylor's motions. ECF Nos. 131, 133.

Because Taylor provides no basis for his motion seeking judicial review and no rationale for an evidentiary hearing, the "Motion for Evidentiary Hearing" (ECF No. 127) and "Motion for Judicial Review" (ECF No, 129) are DENIED.

I. **Background**

On July 7, 2017, Taylor filed a civil rights Complaint (42 U.S.C. § 1983), *in forma pauperis*. ECF No. 1. At the time of filing, Taylor was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Taylor claims he was denied adequate medical care at WCC in violation of the United States Constitution. ECF No. 1.

In his "Motion for Evidentiary Hearing" (ECF No. 127), Taylor complains about extensions of time previously granted to Defendants (ECF Nos. 116, 122). *See* ECF No. 127 at 3-5. Taylor also complains about his inability to depose witnesses on April 29, 2019, and about a telephone hearing the Court conducted on October 8, 2019. ECF No. 127 at 6.

In his "Motion Authorizing Judicial Review" (ECF No. 129), Taylor discusses his interpretation of *Marbury v. Madison,* 5 U.S. 137 (1803), and then complains again about the telephone hearing of October 8, 2019, and outlines his grievances with Defendants and their attorneys. ECF No. 129.

## II. Law and Analysis

Although courts are authorized to conduct evidentiary hearings in civil rights cases by prisoners to "dig beneath conclusional allegations," there is no need for an evidentiary hearing at this juncture. *Rankin v. United States,* 556 F. App'x 305, 311 (5th Cir. 2014) (citing *Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n. 3 (1989). A Motion to Dismiss by Defendants has been denied (ECF No. 60), a Plan of Work has been finalized (ECF No. 98), and a Pretrial Conference is currently scheduled for September 17, 2020 (ECF No. 97). Taylor has provided no legitimate reason for the Court to conduct an evidentiary hearing.

Taylor's "Motion for Judicial Review" (ECF No. 129) is also ambiguous, at best. To the extent he seeks judicial review of his underlying constitutional claim, his request is moot, as he is receiving that through the court system. To the extent

Taylor seeks review of any of the undersigned's Orders, particularly the ruling of October 8, 2019, Taylor did not appeal the ruling directly to the District Judge within the time frame established under the Federal Rules of Civil Procedure or the Local Rules for the Western District of Louisiana. Fed. R. Civ. P. 72; Local Rule 74.1.

### III. Conclusion

Because Taylor provides not rational basis for his motions, IT IS ORDERED that Taylor's "Motion for Evidentiary Hearing" (ECF No. 127) and "Motion for Judicial Review" (ECF No. 129) are DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE