a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROBERT PAUL TAYLOR,                    CIVIL DOCKET NO. 1:17-CV-882-P
Plaintiff

VERSUS                                 JUDGE DRELL

LASALLE MANAGEMENT                     MAGISTRATE JUDGE PEREZ-MONTES
COMPANY, *ET AL.*,
Defendants

---

## MEMORANDUM ORDER

Before the Court is a "Motion for Extension of Time to Plead, Part III" (ECF No. 123) filed by *pro se* Plaintiff Robert Paul Taylor ("Taylor") (#107070). Defendants Warden Keith Deville ("Deville"), Dr. Mark Singleton ("Singleton"), Ami Brunson ("Brunson"), and Lasalle Management Company, L.L.C. ("LMC") (collectively, "Defendants") oppose Taylor's motion. ECF No. 128.

Because Taylor has failed to show good cause to extend the expert deadline set in the scheduling order, Taylor's Motion (ECF No. 123) is DENIED.

## I.    Background

On July 7, 2017, Taylor filed a civil rights Complaint (42 U.S.C. § 1983), *in forma pauperis*. ECF No. 1. At the time of filing, Taylor was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Taylor claims he was denied adequate medical care at WCC in violation of the United States Constitution. ECF No. 1.

Taylor filed a "Motion for Extension of Time to Plead, Part III." ECF No. 123. In his Motion, Taylor seeks to qualify himself as an expert witness relative to policies,

practices, and procedures in place at WCC and seeks an extension of time within which to submit his expert report.  ECF No. 123.

## II.    Law and Analysis

According to the Plan of Work, the deadline for the employment of experts was September 15, 2019, and the deadline for the exchange of expert reports was October 20, 2019.  ECF No. 98.  Taylor essentially seeks an extension of that deadline so that he may file his report as a self-designated expert in his case.

Under Federal Rule of Evidence 702, an expert opinion on scientific, technical, or specialized knowledge can be admitted only if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Under Rule 702, a district court has considerable discretion in deciding whether to admit or exclude expert testimony.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152; *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–9 (1997).  "[T]he proponent of expert testimony must establish the witness's qualifications by a preponderance of proof."  *United States v. Griffith*, 118 F.3d 318, 322 (5th Cir. 1997) (citation omitted).  "To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'"  *United States v. Bourgeois*, 950

2

F.2d 980, 987 (5th Cir. 1992) (quoting *United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978)).

Taylor cannot show that he has such knowledge or experience from being an inmate that his opinions on WCC policies, practices, and procedures would probably aid the trier of fact. Taylor does not establish that his testimony is based on any principles or methods other than his own personal experience. Taylor provides no basis for his designation as an expert. Therefore, there is no good cause to extend the expert designation or report deadlines so that Taylor may submit his purported "expert report."

### III.    Conclusion

Because Taylor has failed to show good cause to extend the expert deadline set in the scheduling order, IT IS ORDERED that Taylor's "Motion for Extension of Time to Plead, Part III" (ECF No. 123) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3